## COMM'RS OF NEOSHO COUNTY v. A. B. STODDART.

LIABILITY OF COUNTY; *Board of County Commissioners only can Contract for County.* Neither the district court nor the sheriff, nor both together, have power, without the consent of the county commissioners, to contract for the county, or to create an indebtedness against the county for cocoa matting placed or to be placed upon the floor of the court-room. The county commissioners alone possess such power, and they alone can create such indebtedness.

### Error from Labette District Court.

A SINGLE question is decided here, and the facts and proceedings are fully stated in the opinion of the court. The *Board of Commissioners* bring the case to this court.

*J. R. Woodsworth,* for plaintiff in error:

1. The board of commissioners is the only authority which can make contracts binding upon the county. (Gen. Stat., § 36, p. 261, ch. 25; 4 Kas., 511.)

2. The board of commissioners have the right and power to disallow any account in whole or in part, and the allowance or disallowance of the same is a matter resting entirely in the discretion of the board. Gen. Stat., ch. 25, § 28.

3. The district judge in making the order directing the sheriff to procure the matting at the expense of the county, without the knowledge or consent of the board, acted without authority of law. If the judge could make an order whereby the county became liable for the payment of $65, he could with equal consistency make a like order binding the county for as many thousand dollars. He could as well have ordered the sheriff to have erected county buildings at the expense of the county, and to furnish the same in luxuriant style, or with equal consistency ordered a railroad built through the county at the county's expense, under the plea that the same was necessary to the comfort and convenience of those wishing to transact business in the district court. The mere fact that the articles are necessary to the "comfort and convenience of attendants upon the court," created no right whereby the order of the district court could bind the county in the matter of expenditures, and the defendant in error, when furnishing the goods upon an order of the district court to the sheriff to procure the same, did so at his own risk.

*Hutchings & O' Grady*, for defendant in error:

1. The order of the judge is conclusive of the liability of the county. It is necessary to the very existence of courts that the judges thereof should have such power and authority in and about the arrangement and government of the rooms where they sit for the transaction of business as will enable them to conduct that business with order, convenience and decency. There are certain powers exercised by all courts that are not expressly delegated by statute, but have been conferred by long use and inherent necessity until they have grown to be a part of the very meaning of the term "court;" and the creation of a court always carries with it and confers upon its presiding officer these powers. This is particularly so with reference to the control of the rooms where courts are held, the arrangement of furniture, the positions to be occupied by the jury, the bar, the clerk, the other officers of the court, suitable arrangements to prevent confusion and noise,

and to insure the dispatch of business.    Entirely outside and beyond any statutory provision authorizing it, we confidently claim that the creation of a court carries with it the power on the part of a judge to order a proper room to be procured in which to transact business, and to require that such room be furnished with the necessary conveniences for the dispatch of business, and that the authority creating, or those for whose benefit the court is created, are liable for all reasonable expenditures so incurred.    It is not claimed that an unreasonble or arbitrary order of the court could bind or involve the county in debt, but only such a reasonable and just order as comes within the rule of discipline, a power which is vital to the very existence of. courts.    The order of the court in this case is conceded by all parties to be a reasonable one, the execution of which was "indispensable" to the comfort and convenience of all persons having business in the court.

2. The county, however, is liable on other grounds.    We claim as a general principle of law applicable as well to municipal corporations as to individuals, that where certain articles become necessary to the transaction of one's business, and such articles are furnished at the request of one's authorized agent, that there is an implied if not an express agreement by the principal to pay the reasonable value of such articles to the person so furnishing them.    By law, (Gen. Stat., 279, § 106,) and by universal custom, the sheriff of the county is made the agent of the county, to prepare the court-room for use, and to attend upon and keep order, prevent confusion and noise, and furnish the conveniences necessary to the transaction of business.    Sec. 4, Gen. Stat., 254, requires that each organized county "shall at its own expense provide a suitable court-house."    Now then, the sheriff being by law and custom the proper officer and agent of the county to attend to preparing the court-room for the use of the district court, and having procured the cocoa matting from defendant in error in order to have a "suitable court-house," the county is liable whether it was done by order of the court or not.

14—13 KAS.

The opinion of the court was delivered by

VALENTINE, J.: On the first of April 1873 the district court of Neosho county made the following order, to-wit: "Whereas, the health, comfort and convenience of those who are required to be in attendance upon the session of the district court of Neosho county demand that some suitable carpeting be placed upon the floor of the court-room, therefore it is ordered by the court, that the sheriff of said county be and he is hereby directed to purchase 51 yards of cocoa matting, at a cost not exceeding $1.10 per yard, and that the same be bound with tin and placed upon the floor of the court-room on or before Wednesday, April 2d, 1873, at 9 o'clock A. M." On said 2d of April, the sheriff of said county in pursuance of said order, and without any other authority, purchased in the name of the county, and for the county, from the plaintiff below, defendant in error, fifty-five yards of cocoa matting at $1.15 per yard, amounting to $63.25, and on the same day placed said matting on the floor of the court-room of said Neosho county. It is agreed that "said matting is indispensable to the comfort and convenience of those having business to transact in said court." On the 23d of said April the plaintiff below duly presented his claim against the county for said matting to the board of county commissioners of said county. On the next day the commissioners examined said claim and disallowed it. On April 25th, 1873, the plaintiff below appealed from the board of county commissioners to the district court. On April 26th, 1873, the case was tried in the district court before the court, and without a jury, and judgment was rendered in favor of the plaintiff below and against the county of Neosho for $60.50, and costs. To reverse this judgment the county now appeals to this court.

The only question which we are asked to decide by either party is, whether the sheriff had the power to purchase said matting, either with or without said order of the district court, and make the county responsible therefor. We do not think he had any such power. In this state a county is a

*quasi* corporation, with power to sue and be sued, to contract and be contracted with, to purchase, hold, and sell real and personal property, (Gen. Stat., 253, § 1,) and to build, own, provide, and keep in repair court-houses, etc., at its own expense. (Gen. Stat., 254, § 4, and various other statutes.) And the statutes also provide as follows: "The powers of a county as a body politic and corporate shall be exercised by a board of county commissioners." (Gen. Stat., 254, § 3.) "The board of county commissioners of each county shall have power at any meeting—*First*, To make such orders concerning the property belonging to the county as they may deem expedient. *Second*, To examine and settle all accounts of the receipts and expenses of the county, and to examine and settle and allow all accounts chargable against the county; and when so settled they may issue county orders therefor as provided by law. *Third*, To purchase sites for and to build and keep in repair county buildings, and cause the same to be insured in the name of the county treasurer, for the benefit of the county; and in case there are no county buildings, to provide suitable rooms for county purposes. * * * *Fifth*, To represent the county, and have the care of the county property, and the management of the business and concerns of the county, in all cases where no other provision is made by law," etc. (Gen. Stat., 256, § 16.) And "the boards of county commissioners of the several counties of this state shall have exclusive control of all expenditures accruing, either in the publication of delinquent tax lists, treasurer's notices, county printing, or any other county expenditures," etc. (Gen. Stat., 261, § 36.) The board may allow or disallow any claim in whole or in part, as the law and justice of each particular case would require. (Gen. Stat., 259, § 28.) And "in all suits or proceedings by or against a county the name in which the county shall sue or be sued shall be 'The Board of County Commissioners of the County of ———,'" etc. (Gen. Stat., 254, § 5.) Indeed, every law upon the statute book that has any reference to the subject would seem to indicate that the county board had exclusive control, within the law, of all

county expenditures; and there is no law upon the statute book that authorizes either the district court, or the sheriff, or both together, to contract for the county, or to create any indebtedness against the county in any case similar to the one now under consideration. The county commissioners alone possess such power, and they alone can create such indebtedness. It is the duty of the county commissioners, and their duty alone, to furnish a suitable court-room for their county; but if they do not do so then some other remedy than the one resorted to in this case must be invoked.

The judgment of the court below is reversed, and the cause remanded for further proceedings.

All the Justices concurring.