THOMAS H. BUTLER v. BOARD OF COMMISSIONERS OF NEOSHO COUNTY.

LIABILITY OF COUNTY, on *Implied Contract*. Where the admitted facts are, that the county treasurer occupied for his office a room belonging to plaintiff, that the defendant made no other provision for such office than by suffering him to occupy said room, and that the plaintiff gave notice pending the occupation to at least two of the members of the county board that he should expect and demand compensation for its use, and that said occupation was with the knowledge and consent of the defendant, *held*, that the defendant was liable for the value of the use of said room, although there was no express contract between the plaintiff and defendant that he should receive compensation therefor.

*Error from Neosho District Court.*

ACTION by *Butler* to recover for use of a room occupied as the county treasurer's office from September 20th 1871 to March 20th 1873. It was agreed that the rent of said room

was worth $13 per month, and that if plaintiff was entitled to recover, the amount due him was $234. Other facts are stated in the opinion, *infra*. The district court, at the July Term 1874, held that the county was not liable, and gave judgment against *Butler* for costs. *Butler* brings the case here on error.

*Stillwell & Baylies*, for plaintiff.

*C. F. Hutchings*, for defendants.

The opinion of the court was delivered by

BREWER, J.: This was an action to recover for the rent of a room occupied by the county treasurer. No testimony was heard, but the case was tried upon an agreed statement of facts. So much thereof as is material, is as follows: "That said county treasurer held his office in said building during the time that plaintiff was the owner thereof, with the knowledge and consent of the plaintiff herein." "There was no express contract between plaintiff and defendant that plaintiff should receive compensation for the use of this building by said county treasurer, but defendant knew that said building was so occupied, and plaintiff informed at least *two members* composing the defendant board, that he should expect and demand compensation for the use of his said building." "This information was given to these *two members*, not to the *board of county commissioners*, shortly after September 20th 1871, and frequently after said date, and neither of the members of the defendant board made any objection when said information was so conveyed." "The defendant herein, during said period had not provided the county treasurer of said Neosho county with any place to hold his office, further than their suffering said treasurer to occupy the building of plaintiff would constitute such provision."

Was the county liable? There would be no question, if the defendant were an individual, or a private corporation.

The law would imply a contract, and a promise to pay the reasonable value of the use of the room.   And we think the same result must follow from the agreed facts, though the defendant is but what is sometimes called an involuntary *quasi* corporation.   To provide suitable rooms for county officers, is a duty expressly cast upon the defendant.   Gen. Stat. ch. 25, §§ 4, 16 and 172.   The only provision made was in the occupation of plaintiff's room.   The only way therefore in which this duty was discharged, was by an appropriation of the property of plaintiff, and it was so appropriated with the knowledge and consent of the defendant.   Here are all the elements of an implied contract.   And to make the matter stronger, the plaintiff, pending the occupation, gave notice to two of the three commissioners that he should expect pay for his property.   The case of *Comm'rs of Neosho Co. v. Stoddart*, 13 Kas. 207, is by no means similar.   There an attempt was made to bind the county by the contract of the sheriff, or district court, or both, for the furnishing of matting for the court-house, and the only point decided was, that neither the court, nor the sheriff, nor both together, could so bind the county without the consent of the commissioners.   The very thing which was wanting there, is present here, to-wit, the consent of the commissioners.   For the consent of the defendant means, the consent of those officers, or that agent of defendant charged with the duty of consenting or dissenting. Where there is an express contract, that will control, and the rights of the parties must be settled by it.   *Perry v. Bailey*, 12 Kas. 539.   But when there is no express contract, the law may imply one, when a party knowingly receives and appropriates to his own use the property of another.

The judgment of the district court will be reversed, and the case remanded with instructions to enter judgment in favor of plaintiff for agreed value of the rent.

All the Justices concurring.