## No. 31,072.

C. H. HUNSINGER, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF DOUGLAS, *Appellee.*

(20 P. 2d 449.)

Opinion filed April 8, 1933.

*John J. Riling* and *Edward T. Riling,* both of Lawrence, for the appellant.
*Richard B. Stevens,* county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal by plaintiff from an order of the court sustaining a demurrer to his petition. The sole question presented is whether the petition states a cause of action.

Briefly stated, the petition, filed February 11, 1932, alleges that plaintiff is engaged in the garage business at Lawrence, in Douglas county; that the board of county commissioners of that county authorized and directed the sheriff to store and safely keep any and all automobiles which he seized and took into his possession by reason of the fact that they were being operated in violation of the prohibitory laws of the state, and ordered and directed that said automobiles be kept in some garage such as was owned and operated by plaintiff; that similar orders and directions were given to the county attorney; that such automobiles were to be stored and safely kept by the sheriff and county attorney at an expense of not more

than five dollars per month for each automobile; that pursuant to such authorization the sheriff, on July 17, 1928, seized and took into his possession a described automobile and stored the same with plaintiff; that such automobile was afterwards by the court declared a common nuisance and ordered sold; that the storage charges amounted to $121.25, and that plaintiff received on his bill therefor the sum of $40, being a part of the proceeds of the sale, leaving a balance due plaintiff of $81.25. Similar allegations are made with respect to other automobiles seized by the sheriff in January, March and July of 1929, and stored with the plaintiff, with the amounts of the pull-in and storage charges on each. The total sum claimed to be due is $439.50. It is further alleged that defendant received the money from the sale of the automobiles and has not paid the storage and pull-in charges incurred in connection therewith; that plaintiff's claim was approved by the county attorney, filed in the proper office of the county, and presented to the board of county commissioners, and that it was necessary for the officers mentioned to store the automobiles with plaintiff or at some other suitable garage, in order to safely keep them, as provided by R. S. 21-2163.

Briefly, the pertinent statute (R. S. 21-2163) provides that on filing a complaint or information charging a common nuisance, as defined, a warrant shall issue to arrest the person using the automobile for the transportation of intoxicating liquors and "to seize and take into his custody . . . and safely keep the same subject to the order of the court." The next section (R. S. 21-2164) provides for a notice and hearing, and the next section (R. S. 21-2165) provides, if the court finds the automobile to be a common nuisance, as defined, it shall order the officer to advertise and sell the same and to file his return showing the amount received therefor and pay the same into court:

"The court, if it approves such sale, shall declare forfeited the proceeds of said sale and shall order the money received for said property at said sale paid into the treasury of the county for the support of the common schools, after paying out of the proceeds of said sale the costs of the action, including costs of sale and the keeping and maintenance of said property."

Appellant contends that these statutes authorize the officer taking an automobile into his possession under such circumstances to incur a storage bill, which must be paid by the county in which the action

is filed if the proceeds of the sale of the car are not sufficient to pay the costs of the action, including costs of sale and the keeping and maintenance of the property.

This contention cannot be sustained. The statutes above summarized do not purport to give the officer who seized the automobile authority to bind the county by a contract of storage. Normally he would have no authority to do so. (*Comm'rs of Neosho Co. v. Stoddart,* 13 Kan. 207.) These statutes obviously contemplate that the automobile will sell for enough to pay the costs, including that for keeping and maintenance of the property. It makes no provision for paying such costs otherwise.

Acting under the statutes above summarized the sheriff, of course, seizes and safely keeps the automobile in his official rather than in his personal capacity. Perhaps, under its duty to provide "necessary county buildings" (R. S. 19-104) the county should provide a place for the sheriff to keep seized automobiles pending court action. But that question is not presented in this case and we purposely do not determine it. Plaintiff does not allege a contract with the county for the keeping of these automobiles. It is alleged that the board of county commissioners authorized and directed the sheriff to safely keep such automobiles; but the duty of the sheriff in that respect does not come from the board of county commissioners; it comes from the warrant placed in his hands and the statutes prescribing his duties. We do not pass upon the power of the board of county commissioners to contract with plaintiff or some other garage man for the storage of such automobiles in the event it had no building or other suitable place of its own in which to store them, for no such contract or situation is alleged.

The judgment of the court below is affirmed.