### The People on relation of Joseph Kuhn v. The Board of Auditors of Wayne County.

The Constitution having provided that the action of the Board of County Auditors in adjusting county demands should be subject to no appeal, the Supreme Court cannot revise their action by mandamus, and compel them to allow a demand which they have rejected on the ground that the services charged for were not performed.

*Heard and decided June 6th.*

Petition for a Mandamus. The petition showed that the relator was a justice of the peace of the city of Detroit; that he presented his bill for services as such Justice in criminal cases to the Board of Auditors of Wayne county, including therein certain charges for taking

down testimony; his oath to the correctness of the whole being attached. These charges were *largely reduced* by the Auditors, on the ground of an overcharge in the amount of testimony taken down, and he now applies for a mandamus to compel them to allow the amount deducted.

The petition having been read,

*D. E. Harbaugh, Prosecuting Attorney for Wayne county,* showed cause, but was stopped by the Court.

MARTIN CH. J.: : Has this Court any jurisdiction to revise the action of the Board of Auditors, in *this* manner, when the Constitution expressly provides that their action in adjusting demands against the county shall be subject to no appeal?—*Const. Art.* 10 § 10. .

*G. E. Hand* for the relator:

The constitutional provision has no bearing upon this case. It is indispensible to justice that all inferior jurisdictions exercising judicial powers should be subject to the control of the Supreme Court, as otherwise the grossest injustice might be done without restraint. The Constitution should be construed with this fact in view. Constitutional as well as statutory provisions should be construed strictly when they infringe upon common right.—4 *Mich.* 326.

The word "appeal" as used in the Constitution has a special and limited meaning. *Appeal* is only one form of exercising supervision. Other modes of review, except this by *appeal*, strictly so designated, still remain to parties aggrieved. We must construe the word in the light of the former state of the law. An *appeal* to the Circuit Court then existed. This clause simply takes away that appeal.

Art. 6 of the Constitution makes a distinction between the *appellate* jurisdiction of the Supreme Court, and the supervisory jurisdiction to be exercised through the writ

THE PEOPLE *v.* AUDITORS OF WAYNE COUNTY.

of mandamus. The word "appellate," as used in that article, has a technical meaning, and is not equivalent to the general jurisdiction of the Supreme Court. The foundation of the jurisdiction of this Court in many cases is the fact that there is no *appeal.*

The word "adjust" contemplates open and unliquidated claims against the county, and not those which are fixed by the statute. In any event, therefore, this case does not come within the constitutional provision. The fees are fixed by the statute, and there is nothing to be adjusted, any more than there is in the case of interest on county bonds. In such a case the Court should compel them to perform their plain statutory duty.—3 *Mich.* 480; 8 *Mich.* 372. Upon claims like this, the duties of the Auditors are those of taxing officers merely.

MARTIN CH. J. :

Our view of the question remains unchanged. It is clearly a case where we have no jurisdiction.

CAMPBELL J. :

This is a mere attempt to induce us to review the action of the Auditors upon the facts. That could be nothing but an appeal. The case is very different from those in 3d and 8th Mich., where the amounts were liquidated. Here it was a question of fact whether the services were rendered or not. If the Auditors should wilfully or maliciously refuse to *act* upon the facts presented to them, there might be a remedy; but this is not that case.

*Hand.* But here the Auditors disregarded the evidence furnished.

THE CHIEF JUSTICE:

These papers present simply the question whether the decision of the Auditors was correct upon the facts.

*Motion denied, with costs.*