PEOPLE EX REL. WILLIAM H. CLARK v. BOARD OF SUPERVISORS OF INGHAM COUNTY.

*Board of supervisors—Allowance of claims—Ex parte affidavits.*

A board of supervisors in acting on a claim may receive *ex parte* affidavits in support of it, if they see fit; but they are entitled to legal evidence if they choose to require it.

A sheriff has no legal right to traveling fees on writs which were never served, though the board of supervisors may allow for services performed (Comp. L., § 7431); but their refusal to do so is final. Const., Art. x, § 10.

MANDAMUS. Submitted April 10. Decided April 16.

*J. C. Shields* and *H. P. Henderson* for relator. *Ex parte* affidavits may be proper evidence of a claim before a board of supervisors. *Mixer v. Manistee Supervisors*, 26 Mich., 426.

*Edward Cahill* for respondent.

Cooley, J. The relator in the year 1871 was deputy sheriff of the county of Ingham, and as such presented a bill to the board of supervisors for services in criminal cases. The bill was very large, and is conceded to have been in some of its items grossly excessive; and the board at first declined to make any allowance. Considerable sums were, however, from time to time afterwards allowed, and to compel the allowance of the remainder the mandatory writ of this court was applied for. An order was entered that the board proceed to consider the relator's claim, and that they receive such evidence as the relator should offer in support of it. We have now before us the report by the board of their doings, and upon it the relator moves for a peremptory writ.

The objections taken by the relator to the action of the board are *first*, that they refused to receive evidence offered by him, and *second*, that they unlawfully rejected certain claims. The evidence rejected consisted of *ex parte* affidavits, many of which were made by persons living near where the board were in session, and the relator was notified to produce the witnesses in person. The board also report that "subpœnas were issued by the clerk of the board of supervisors and served by the sheriff upon all persons within the reach of reasonable expense who we had reason to believe were possessed of any knowledge of the claim under our consideration, regardless which side of the case such knowledge favored." This was certainly all that could be demanded of the board, and is an answer to all complaint for the rejection of evidence. The board might have received *ex parte* affidavits had they seen fit, but they were entitled to legal evidence if they thought proper to demand it.

We also think the board have acted very fairly in their final decisions upon the claims. Of the claims rejected wholly, one was for services upon a warrant void on its face; another was for travel and assistance

in serving a search warrant, which the board understand. was never lawfully served, and the others were mostly made up of travel fees on writs which were never served. Reasons appear in the record for a strong suspicion that these bills were in part fictitious, and it is very certain, we think, that a clear right to have them allowed by the board was not made out.    A legal right to their allowance cannot be claimed, because there is no statute which gives fees to the sheriff where process is not served; but the board are permitted to make allowances.  Comp. L., § 7481.  In these cases the board decided to allow nothing; and under the Constitution, Art. 10, § 10, their decision is final.   In other cases they rejected portions of bills, for reasons which to them seemed sufficient.  We discover in the action of the board no attempt to evade· their duty, and no disposition to act unfairly; and the· proceedings must be dismissed with costs against the· relator.

The other Justices concurred.