# Edward V. Cicotte v. The County of Wayne.

*Board of Supervisors—Auditing claims against the County—Where discretion rightfully exercised, decision final—Board of prisoners, in criminal cases, not fixed by statute—Amount to be allowed rests in sound discretion of board—Prosecuting Attorney cannot by stipulation substitute decision of a jury—Estoppel—Duress—Bill of particulars, no part of the declaration—Not considered on demurrer thereto—Abstract right to sue county, by common count declaration, plain.*

1. The constitution of Michigan, Art. 10, § 10, vests in the board of auditors of Wayne county, and in the boards of supervisors of other counties, the " exclusive power to prescribe and fix the compensation for all services rendered for, and to adjust all claims against their respective counties," from which determination there is no appeal. Except where the amount of a claim needs no adjustment, because fixed by law or otherwise capable of liquidation, this provision is clear and effectual and conclusive in cases to which it applies, of which the present is one:

    *People v. Board of Auditors of Wayne County,* 10 Mich. 307; *Mixer v. Supervisors of Manistee County,* 26 Mich. 422; *Videto v. Supervisors of Jackson County,* 31 Mich. 116; *Barry County v. Supervisors of Manistee County,* 33 Mich. 497; *Clark v. Supervisors of Ingham County,* 38 Mich. 658.

2. "While it has been held that a mandamus will lie to compel these boards to give parties a fair hearing, where they refuse to do so, and to allow claims which are for amounts that are not open to reduction, there is no authority for revising any action of the board, had without wrong, in the course of its official discretion."

3. Sheriff's fees for the board of prisoners, in criminal cases, are not fixed by law and are among the cases, which, ever since the revision of 1846, have come within the provisions of section 9055, How. Stat. which expressly makes it the duty of the board to determine the sheriff's compensation for such board, in their sound discretion, and when he takes the office he does so with this condition.

4. A prosecuting attorney has no power to divest the board of this exclusive jurisdiction, and his stipulation so to do, and allow the jury to find what they might regard as reasonable, is unauthorized and improper.

5. Where the bills presented by a sheriff, for the board of prisoners in criminal cases, are allowed at the precise sum at which he renders them, and he receives his pay thereon, he is estopped from making any further claim, unless he acted under duress. Evidence that he fixed the amounts at the sum directed by the auditing board, and verbally insisted or protested that he should have more, and only accepted those amounts because he wanted the money, fails to show such duress.

6. A bill of particulars, filed under a common count declaration, is no part of the pleading and does not come up on demurrer: *Cicotte v. Wayne County*, 44 Mich. 173.

7. The abstract right to bring a suit, by declaration on the common counts, against a county is plain and not open for discussion: *Endriss v. Chippewa County*, 43 Mich. 317; *Cicotte v. Wayne County*, 44 Mich. 173.

8. The *ad damnum* clause in a declaration was less than the verdict recovered by the plaintiff.

   *Held,* that if the verdict was right, there was power to increase the demand for damages, to cover it.

Error to Wayne. (Jennison, J.) Argued January 21, 1886. Decided February 3, 1886.

Assumpsit. Defendant brings error. Reversed.

The facts are stated in the opinion.

*Geo. F. Robison* and *Geo. Gartner,* for appellant:

Cited Art. 10, § 10, of the constitution, in support of exclusive power of board of auditors of Wayne county to adjust plaintiff's claim. The board having acted there is no appeal, and certainly no action will lie against the county: *People v. Supervisors of Macomb County,* 3 Mich. 475; *People v. Auditors of Wayne County,* 10 Mich. 307; *Mixer v. Supervisors of Manistee County,* 26 Mich. 422; the prosecuting attorney of Wayne county could not, by stipulation, waive this constitutional right.

*Alfred Russell* and *Levi T. Griffin,* for plaintiff:

Plaintiff's claim is not for services, but for supplies furnished, to wit, board. It is grounded on common law principles, being for the value of the supplies on a *quantum meruit*: *Endriss v. Chippewa County,* 43 Mich. 320; consequently, as in that case, the jurisdiction of the board of auditors is not exclusive, under Art. 10, § 10 of the consti-

tution, and the common law action in the circuit court against the county is maintainable, which action existed before the constitution, under chapter 13 R. S. 1846, § 26 providing for suits against counties upon "any controversy or cause of action:" How. Stat. § 463. But, even if there be no jurisdiction, objection must be taken specifically. The defendant first demurred, for want of jurisdiction, and upon the overruling of the demurrer in this Court, interposed a plea in bar, the general issue, and is now precluded from raising the question of jurisdiction, which could only be presented by plea bringing the extrinsic facts, set out in bill of particulars, into the record: *Haywood v. Johnson*, 41 Mich. 605; upon the plea of the general issue, nothing was subject to be contested except the averments of fact, in the declaration, as to furnishing the supplies and their value: *Talcot v. McCormick Co.*, 51 Mich. 5; the court, being of general jurisdiction both of the parties and subject matter, the objection of the constitutional privilege to have cause of action determined by the auditors, even if it existed, was capable of waiver, and was actually waived by the defendant, through its proper officer, the prosecuting attorney: *People v. Murray*, 52 Mich. 288, 294; Cooley Const. Lim. Marg. page 181.

CAMPBELL, C. J. Plaintiff, who was sheriff of Wayne county in 1867 and 1868, and as such had charge of the county jail, presented his accounts, quarterly, for food furnished the prisoners, all other items of maintenance being provided for by the county itself. These accounts were laid before the county auditors and allowed by them at the sum claimed in the accounts rendered, with two exceptions. His earlier bills asked for fifty-five cents per day. The later ones were made and allowed at sixty cents a day, except the two last, which were cut down by the board to fifty-eight cents. In the early part of 1869, plaintiff presented a memorial to the board setting out various reasons why he should have been allowed seventy-five cents a day instead of what he actually received. The board allowed him $119.98, which made up the two cents a day docked from his last statements, and made the allowance equal to sixty cents a day; his whole claim at seventy-five cents reaching, for the excess over the accounts he first presented, $3,154.08. For this balance, he sues, claiming that he fixed the lower rates under pro-

test and pressure, and that seventy-five cents a day was fairly due him.

The last of these services having been rendered at the close of 1868, in September, 1875, more than six years thereafter, he presented the same claim to the then board of auditors, who rejected it as having already been adjudicated by the former board.

On September 21, 1877, he began a suit against the county, by declaration in the circuit court for the county of Wayne, under the common counts. Mr. Brevoort, then prosecuting attorney, at once filed a plea of the general issue. In December, as would appear from the printed record, plaintiff's attorney drew up a bill of particulars for balances claimed to be due on his several quarterly bills. Defendant's attorney, on an unfounded assumption that this paper was part of the declaration, subsequently demurred, and the case was brought into this Court on error from a judgment sustaining the demurrer, on the ground that the claim was not the subject of an action of law. This Court, by a decision reported in 44 Mich. 173, held that nothing but the declaration came up on demurrer, and that the bill of particulars was no part of the pleading. Inasmuch as it was possible for cases to arise where counties might be liable under the common counts, the demurrer was overruled, with the suggestion that the question of liability would arise on the trial. This was in 1880. In September, 1882, defendant's attorney gave notice of an intention to apply for leave to plead the statute of limitations. This was not applied for, in fact, until the trial in 1885, when it was refused.

In July, 1884, a subsequent prosecuting attorney made a written stipulation for the admission of various letters and statements, referring in part to the custom of other counties in allowing larger compensation to sheriffs. This stipulation also undertook to waive the constitutional privilege against suit for such claims, and to open the whole matter for the action of a jury. The case being tried in 1885, all of this testimony, with some other things, was considered, and the court directed the jury, without reference to the settlements,

to give plaintiff any sum which they thought the services reasonably worth, and also to allow interest. The verdict allowed $3,154.08 principal, and $3,734 interest, making a total of $6,888.65, being an excess beyond the damages laid, which were $5,000. It is conceded that if the verdict was right, there is power to increase the *ad damnum* clause to cover it. The case now comes up on error.

In our opinion the case has no possible foundation, either as a common-law action, in the absence of any constitutional prohibition, or under the constitution. Where a person has the bills which he presents allowed, at the precise sum at which he renders them, and receives his pay, he is estopped from making any other claim, unless he acted under duress. Of this there is not the slightest evidence. He says he fixed the amount at the sums which the auditors directed, and that he verbally insisted or protested that he should have more, and only accepted this amount because he needed the money. It would be absurd to treat this as duress, giving the circumstances all the force which plaintiff claims for them: *Hackley v. Headley*, 45 Mich. 569.

But, in our opinion, no action was sustainable under any circumstances. Under our constitution the board of supervisors in other counties, and the board of auditors in Wayne county, have "exclusive power to prescribe and fix the compensation for all services rendered for, and to adjust all claims, against their respective counties:" Article 10, § 10, Except where the amount of a claim needs no adjustment. because fixed by law, or otherwise capable of liquidation, this provision is clear and effectual, and it has been held to be conclusive in cases to which it applies, and in just such cases as the present: *People v. Auditors of Wayne Co.*, 10 Mich. 307; *Mixer v. Supervisors of Manistee*, 26 Mich. 422; *Videto v. Supervisors of Jackson Co.*, 31 Mich. 116; *Barry Co. v. Manistee Co.*, 33 Mich. 497; *Clark v. Supervisors of Ingham*, 38 Mich. 658. Moreover, the constitution provides that there shall be no appeal from the action of the board, and plaintiff, even if he had an election of remedies, which we think he did not have, presented his claims to the

board of auditors, had them allowed as presented, and drew the money on them.

It has been held by this Court that a *mandamus* will lie to compel these boards to give parties a fair hearing, where they refuse to do so, and to allow claims which are for amounts that are not open to reduction; but there is no authority for revising any action of the board, had without wrong, in the course of its official discretion.

The sheriff's fees for the board of prisoners, in criminal cases, are not fixed by law. They are among the cases which, ever since the Revision of 1846, have come within the provisions of section 9055 of How. Stat., which, treating of sheriff's fees in criminal cases, declares that he shall have, "for other services not herein specially provided for, such sums as may be allowed by the board of supervisors." This expressly makes it their duty to determine his compensation in their sound discretion, and when he takes office he does so with this condition.

This is not the case of a careless or unintentional omission. This section, like the sections giving compensation in civil cases, has been revised more than once, and the clause concerning non-enumerated services has never been altered. It is also to be remarked that the subject of the value of prisoners' board has been considered by the Legislature. The board of civil prisoners has always been fixed by law. Up to 1867 it was fixed at thirty cents a day. In that year, moved no doubt by the same considerations urged in this case, arising out of high prices, the Legislature raised the sum to fifty cents a day, at which price it has remained ever since. How. Stat. § 9017; Laws 1867, p. 184. It is manifest that the auditors were not niggardly when they allowed for the board of criminals, who are certainly not entitled to better fare than honest men, a considerably larger rate than for that of debtors and other civil prisoners. But if they had been the courts cannot revise their action, or allow a jury to do so.

It is not within the power of the prosecuting attorney of a county to divest the board of auditors of their exclusive jurisdiction, and his stipulation to do this, and to let the jury

find what they might regard as reasonable, was unauthorized and improper. We make no comments on the other features of the case, which have come to a considerable extent from the stipulations of successive officers, and the peculiar condition of the record.

The judgment must be reversed, with costs of both courts. No new trial can be granted, as the case is not one proper to be tried.

The other Justices concurred.