# JUNE TERM, 1896.*

---

### LAIDLAW *v.* CITY OF DETROIT.

CONTRACTS—PENALTY—DURESS.

Plaintiffs, paving contractors, agreed to do certain paving for the defendant, to be completed by a specified date. The contract contained a stipulation that a certain sum should be forfeited to defendant for each day, beyond the time specified, that the work remained unfinished. The completion was delayed, and the board of public works, after extending the time for several days, required the payment of the penalty for the time further delayed before they would accept the work and permit plaintiffs to obtain the contract price. Plaintiffs thereupon paid the penalty under protest, claiming that the delay in the completion of the work was due to the fault of the defendant, and sued to recover the amount so paid. *Held*, that payment being made with full knowledge of all the facts, and of all their rights under the contract, there was no duress, and plaintiffs could not recover.

Error to Wayne; Lillibridge, J. Submitted June 4, 1896. Decided June 30, 1896.

*Assumpsit* by Thomas W. Laidlaw and another against the city of Detroit to recover a sum of money alleged to have been paid under duress. From a judgment for defendant on verdict directed by the court, plaintiffs bring error. Affirmed.

Plaintiffs made a contract with the defendant, June 7, 1892, by which they agreed to do certain paving. The work was to be completed September 30th. It was not completed until November 14th. The contract contained

---

* Continued from Vol. 109.

the following clause: "If the contractor shall fail to complete the work by the time above specified, the sum of $25 per day for each and every day thereafter, until such completion, shall be paid to the city of Detroit through the board of public works." Plaintiffs claim that they were prevented from completing the work within the time limited, by the failure of the city to remove some obstructions in the street, while the city claims that the work was not commenced in time, and that the delay was not its fault. The board of public works allowed plaintiffs 10 days, besides Sundays, making 17 in all, and insisted upon the payment of $25 per day for 28 days, under the terms of the contract. The board of public works, in the exercise of its power, required this payment into the city treasury before notifying the common council that the work had been accepted, so that they might obtain the contract price. Plaintiffs paid the $700 by check, upon which they indorsed, "Paid under protest." The board then notified the common council that the work was satisfactorily completed, and plaintiffs were paid the full contract price. They then instituted this suit to recover the $700 upon the basis that it was paid under duress. The court directed a verdict for the defendant.

*Charles Flowers*, for appellants.

*John J. Speed*, for appellee.

GRANT, J. (*after stating the facts*). The instruction was correct. This was not a duress of goods, as *Astley* v. *Reynolds*, 2 Strange, 915, cited in *Hackley* v. *Headley*, 45 Mich. 570. Plaintiffs insisted that they had been legally excused for not completing their contract in time. The defendant insisted, through its proper board, that they had not. If they had a legal excuse, their right of action was complete, and none of their rights were in jeopardy by the demand of the board of public works. They accepted a release of the forfeiture for 17 days. They

chose, however, to permit the board to notify the common council that the contract was completed, and that they were entitled to their pay.    Had they brought suit for the entire contract price, they might not have obtained the benefit of the .17 days which the board gave them.    However this may be, there was no legal duress. The payment was made with the full knowledge of all the facts, and with the further knowledge that, under their own view of the case, they could then have brought suit against the defendant for the whole amount.    *Cicotte* v. *County of Wayne*, 59 Mich. 509; *Weston* v. *County of Luce*, 102 Mich. 528.

The judgment is affirmed.

The other Justices concurred.