### WARNER v. BOARD OF STATE AUDITORS.

1. PUBLIC OFFICERS—CONTRACTS OF EMPLOYMENT—RATIFICATION.
   . Where one employed by an agent of a public board performs the services contracted for with the knowledge and approval of the board, the contract becomes that of the board, and the question of its right to delegate its power to make contracts of hiring does not arise.

2. SAME—EMPLOYÉS OF STATE TAX COMMISSION—COMPENSATION— AUTHORITY OF STATE AUDITORS.
   Conceding that the act providing for the appointment of a board of State tax commissioners (Act No. 154, Pub. Acts 1899), in imposing certain duties on the board, impliedly authorizes it to employ clerks and assistants, the power to fix the compensation of such employés is vested in the board of State auditors, whose judgment is not subject to review.

*Mandamus* by Willard E. Warner to compel the board of State auditors to allow relator's claim for compensation as an employé of the board of State tax commissioners. Submitted October 8, 1901.   Writ denied October 22, 1901.

*Willard E. Warner* ( *C. E. Warner,* of counsel), *in pro. per.*

*Horace M. Oren,* Attorney General, for respondent.

HOOKER, J.   Act No. 154 of the Public Acts of 1899, being an act amendatory to the general tax law, provides for, and prescribes the powers and duties of, a board of State tax commissioners.   Among their powers is that of ascertaining the valuation of the properties of corporations paying specific taxes.   To that end one M. E. Cooley was employed by said board to investigate and appraise the property of the railroads of the State, and possibly that of other corporations; and it is alleged that he was given authority to employ such assistants as were necessary, and to contract with them for their services, and the salaries that they should receive from the State therefor. The relator was employed upon a salary of $200 per month, and performed services, for which the board of State auditors have allowed him compensation at the rate of $125 per month, and have refused to allow more.   Relator asks a *mandamus* to compel the board of State auditors to allow an additional sum, upon the alleged promise of Cooley, which is claimed to have amounted to a contract binding upon the State.   The petition alleges that it was made with the assent of the late Governor Pingree and the officers then constituting the board of State auditors, at a conference between them and the tax commissioners, at which Cooley was given authority to employ all such experts and assistants as he should deem necessary, at such salaries as he should deem expedient, and that the employment and salary agreed upon were approved by the president of the tax commission, and payment was recommended by him.

It is claimed that the act providing for the appointment of the tax commissioners authorizes the employment by them of all necessary clerks and assistants,—not expressly, but by implication. The respondents do not question this, and therefore we do not consider or decide it.

The services being rendered with the consent and approval of the board of tax commissioners, it is unnecessary to determine whether they could delegate to Cooley their power to hire clerks and assistants. They have ratified his act, and may therefore be said to have employed relator.

The act is silent as to the appointment of clerks and assistants, and, if it can be said that the imposition of certain duties upon the board, by necessary implication, confers upon it authority to employ such aid (a point which we do not pass upon), it does not permit the fixing of compensation. The Constitution lodges this power in the board of State auditors, and their judgment in the matter is not subject to review. *Browning* v. *McGarrahan*, 9 Wall. 298, 312; *People* v. *Board of State Auditors*, 32 Mich. 191; *People* v. *Auditor General*, 38 Mich. 750; *People* v. *Board of State Auditors*, 42 Mich. 422 (4 N. W. 274); *Auditor General* v. *Van Tassel*, 73 Mich. 28 (40 N. W. 847); *Bresler* v. *Butler*, 60 Mich. 40 (26 N. W. 825); *People* v. *Board of Auditors of Wayne Co.*, 10 Mich. 307.

The application for *mandamus* is denied.

MONTGOMERY, C. J., MOORE and LONG, JJ., concurred. GRANT, J., did not sit.