EX REL. RODERICK J. MACDONALD v. THE BOARD OF SUPERVISORS FOR THE COUNTY OF MUSKEGON.

*Auditing justice's accounts.*

The Justices' Act contemplates that a justice, in rendering his account to the board of supervisors, shall specify the services in detail, so that the board may determine whether the amounts charged corresponded with the statutory fees. The board is not concluded by the account, but may require proof, and examine his

docket and files and the returns made by him, and where they do so, and reject claims on the ground that the services were not performed, or that the charges made exceeded those allowed by statute, their action cannot bo disturbed on a review of their finding upon the facts.

MANDAMUS. Submitted Jan. 13. Decided Jan. 23.

*Smith, Nims, Hoyt & Erwin* and *C. C. Chamberlain* for relator. The board of supervisors can only allow the statutory fees of justices, *Bristow v. Macomb County Supervisors*, 3 Mich., 480; *Kennedy v. Gies*, 25 Mich., 90.

*Stevenson & McLaughlin* for respondents.

MARSTON, C. J. The petition of relator shows that he was a justice of the peace; that he presented his bill for services to the board. The answer shows that in many of the cases the charges made were rejected and in others largely reduced, after a careful examination as to the correctness thereof made by the board.

The statute prescribes the amount that shall be allowed a justice of the peace in each case, not in gross, but in detail, and contemplates that in presenting his account to the board of supervisors for allowance, the services performed in each case shall be distinctly set forth, so that the board may ascertain and determine whether performed, and if so, that the amount charged therefor is in accordance with the fees prescribed by the statute. In doing this they are not concluded by the account rendered, but may require further proof, and may examine his docket, and the files and returns made by him, in order to ascertain the correctness of his account. Where they do this and reject his account in whole or in part on the ground either that the services or any part thereof were not performed, or that the charges made were in excess of those allowed by the statute, and reject such overcharges, or items charged for services not performed, we cannot in this manner disturb or interfere with their action. We cannot review their finding upon the facts.

and this is what in effect we are asked to do in this case. *People v. Auditors of Wayne,* 10 Mich., 308.

The writ must be denied with costs.

The other justices concurred.