FREELING W. PECK, RELATOR v. BOARD OF SUPERVISORS OF KENT COUNTY.

*Sheriff's authority to employ watchman and rent office.*

A sheriff as such has no authority to employ watchmen for the jail or to rent an office for himself at the expense of the county.

A sheriff without first obtaining the authority of the supervisors for the purpose, employed a night watchman for the jail and boarded him at the jail while he was so employed. The board of supervisors paid the watchman, and the sheriff then presented a bill against the county for boarding him. This bill the board refused to allow. *Held*, that the subject, under the Constitution of the State, was exclusively under the control of the board, and *mandamus* would not lie to compel the allowance.

The sheriff also hired an office for himself, claiming that the one provided by the county was wholly insufficient and unsuitable, and also that his action was sanctioned by a committee of the board of supervisors. The board refused to allow his bill for the rent. *Held,* that the judiciary has no authority to supervise and control the action of the board in respect to such bill.

MANDAMUS.    Submitted Jan. 6.    Denied Jan. 18.

*C. G. & W. W. Hyde* for relator.    A sheriff may employ a watchman: Comp. L. §§ 557, 8021; *Bell v. Fond du Lac Co.* 10 N. W. Rep. 522.

*Fred A. Maynard* for respondent.    A board of supervisors has exclusive power to adjust all claims against its county: Const. Art. x § 10; it cannot lawfully allow illegal claims: *Kennedy v. Wayne County Treasurer* 25 Mich. 83; nor properly refuse to pay claims fixed by law: *Bristow v. Macomb Supervisors* 3 Mich. 475; *Schmittdiel v. Wayne County Auditors* 13 Mich. 233; it should hear testimony as to unliquidated claims and allow proper pay for necessary services actually rendered: *Mixer v. Manistee Supervisors* 26 Mich. 426; but its conclusion as to pay is final and not reviewable: *People v. Wayne County Auditors* 10 Mich. 308; *MacDonald v. Muskegon County Supervisors* 42 Mich. 545.

COOLEY, J.    This is an application for a *mandamus* to compel the payment of claims made by the relator against the county of Kent.    The issues are presented by demurrer, so that the facts stand admitted.

The relator was sheriff of the county of Kent for the four years immediately preceding the first day of January, 1881. After his retirement from the office he presented to the board of supervisors two claims against the county, which were rejected by the board, and which are now the subject of this proceeding.

The first claim is for the board of one Babcock, a night watchman at the jail, from September 1, 1878, to January 3, 1881.    As to this claim it seems to be admitted by the pleadings that relator as sheriff employed Babcock as such

watchman during the time stated and boarded him at the jail; that the board was worth forty cents per day; that the employment was without the authority of the board; that in January, 1879, the board adopted a resolution that it would not after that date allow any pay for services as night watchman at the jail; but that nevertheless the board did allow for the services and pay Babcock in full therefor, though it refused to allow the relator for his board. These are the facts upon which a *mandamus* is asked in regard to this claim. It may be said in respect to them that had relator been a private individual, taking charge of the business of another, as in this case he was taking charge of the business of the county, and had he employed and boarded a servant under similar circumstances, it is at least doubtful if the facts stated would be sufficient to make out a claim against his employer for the board. The employment having been in its inception unauthorized, any liability in respect to it would seem to depend upon ratification, and it might be claimed with much apparent reason that a ratification by payment for services would naturally be understood by the employer as going no further than the payment. It would, to say the least, be open to question whether the employer would not understand that the servant was paying for his own board, unless facts brought to his knowledge indicated the contrary.

The second claim was for the rent of a room for the sheriff's office. As to this the relator says that the room provided for him by the board was small and utterly insufficient for the purposes intended, and that he rented another at the rent of ninety-six dollars a year; the chairman of the committee on public buildings of the board, who had authority to rent said room, representing to him at or immediately subsequent to the renting that the board would pay the expense thereof. In regard to this it must be said that the sheriff, by virtue of his office, had no authority to furnish himself with an office at the expense of the county, and whether authority was given him by the board or by any

authorized committee or member would be a question of fact.

As to both these demands the board says in its return to the order to show cause that it refused to allow them "upon careful consideration, and only because it became convinced that said Freeling W. Peck had no legal or equitable claim upon the county in these matters, and that said claims ought not to be paid."

This is a sufficient statement of the case for the purposes of our action, and quite sufficient to show that the relator has made out no case.

Mandamus issues only to compel the recognition of a clear legal right or the performance of a legal duty; it does not issue so long as the right or the duty is disputable. If this court had general authority to review the decisions of boards of supervisors on questions of law and fact, it would be open to controversy on this record whether the relator had shown that the board erred. But the court has no such general authority.

The Constitution confers upon boards of supervisors exclusive power to adjust all claims against their respective counties, and takes away the appellate supervisory authority which before was vested in the courts. Const. art. 10, § 10. Whether this provision is wise or unwise, it is conclusive upon us, and will be maintained in intent and spirit. There are some apparent exceptions, which were enumerated and commented on in *Endriss v. County of Chippewa* 43 Mich. 317, but they are not numerous. A case of claim for services performed or money expended for the county is certainly not among them.

It is the duty of the supervisors, when a claim is made against the county, to give the claimant an opportunity to present his case, and then to decide it according to the law and the facts. The performance of this duty may be compelled by *mandamus*. But we cannot coerce the judgment of the board when we happen to differ with its members in opinion, or set aside their action because we think it erroneous or unjust. There must be a final authority in all matters

somewhere, and in these matters the final authority has been vested in the board. *Mixer v. Sup'rs of Manistee* 26 Mich. 426; *Clark v. Sup'rs of Ingham* 38 Mich. 658; *Macdonald v. Sup'rs of Muskegon* 42 Mich. 545.

The claims in controversy were such as it would be peculiarly proper that the board should dispose of. As to both of them there were or might be disputed questions of fact. As to both of them, also, the antecedent presumptions were against the claimant. A sheriff who is paid for keeping the jail and the prisoners is expected to keep them properly guarded at his own expense, unless the circumstances are very exceptional. He is also expected to accommodate his business to such room as shall be furnished for him by the county. If he claims that the circumstances are exceptional, and such as to give him authority to hire servants or rent rooms at the expense of the county, the supervisors will be likely to understand the facts better than can any distant court from any showing that can be made by affidavit. But if this were otherwise it could not aid the claimant. The board had the final authority and has exercised it.

The writ is refused.

The other Justices concurred.