F. E. HENDRICKS v. THE BOARD OF COMMISSIONERS
OF CHAUTAUQUA COUNTY.

1. SHERIFF—*Boarding Prisoners.* The duty of keeping the county jail
and supplying the prisoners committed thereto with board and
lodging devolves upon the sheriff, and to him alone is the county
liable for the same.

2. MEDICAL SERVICES *for Prisoners; Liability of County.* Under § 331
of the criminal code the board of county commissioners may allow
a moderate compensation for medical services, fuel, bedding and
menial attendance furnished for prisoners committed to the county
jail, which shall be paid out of the county treasury; but the allow-
ance of such claims is wholly discretionary with the county board,
and the liability of the county for the same can only arise upon an
order made by the county commissioners when duly convened and
acting as a board.

*Error from Chautauqua District Court.*

ACTION brought by *Hendricks* against *The County Board
of Chautauqua County,* to recover for medical services, etc.
The defendant demurred to plaintiff's petition on the ground
that it does not state facts sufficient to constitute a cause of
action, which demurrer the court sustained at the March Term,
1885, and rendered judgment for costs against plaintiff. He
brings the case here. The opinion states the facts.

*McBrian & Pile,* for plaintiff in error.
*Peckham & Henderson,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: F. E. Hendricks brought this action against
the board of county commissioners of Chautauqua county, and
in his petition alleged substantially that on November 25,
1883, the sheriff of Chautauqua county and his deputies ar-
rested one Cyrenius B. Hendricks, and that while they had
him in custody at a point fifteen miles from Sedan, where the
county jail was located, he was shot, and so severely wounded
that he could not be removed or taken to the county jail, and

that his condition resulting from the wound was such that it was impossible for him to receive the treatment and attention in the county jail actually necessary to his recovery; that thereupon the sheriff and his deputies, with the knowledge and consent of the defendants, removed the wounded prisoner, who was then expected to live only a short time, to the residence of the plaintiff, which was about one-fourth of a mile from the place where the prisoner was shot, and that the sheriff then requested the plaintiff to give the prisoner such treatment, nursing and medicines as his condition required. It was alleged that the plaintiff, at the instance and request of the sheriff, took charge of and attended upon and nursed the prisoner from the 25th day of November, 1883, till the 25th day of February, 1884, during which time he furnished and provided fuel for the benefit of the prisoner and beyond what was necessary for the personal use of the plaintiff, of the value of $12, and that he expended for medicines and remedies for the prisoner the sum of $118.65, which it is alleged were necessary, and were prescribed by the attending physician; and that he attended and waited upon the prisoner for the period of ninety days, and that his services were necessary and reasonably worth $3 per day, and of the aggregate value of $270, after which time the sheriff again took charge of the prisoner and conveyed him to the county jail. He alleges that the articles furnished, money expended, and services rendered, were necessary for the recovery of the prisoner, and were furnished, expended and rendered at the request of the sheriff, and with the knowledge, consent and approval of the defendants; that in 1884 Cyrenius B. Hendricks was convicted of murder in the first degree, and sentenced to suffer death, and that he is now in the penitentiary awaiting the execution of that sentence; that Cyrenius B. Hendricks has no estate, property or means of any kind to pay the plaintiff's claim, and that he will lose the same unless it is paid by Chautauqua county; that on the 5th day of January, 1885, the plaintiff duly presented his claim to the county commissioners for allowance, which was rejected, and he avers that it is now due

and unpaid. The defendant board demurred to the petition upon the ground that it did not state facts sufficient to constitute a cause of action against it. The demurrer was sustained by the court, and the plaintiff is prosecuting this petition in error to reverse that ruling.

The facts stated in the petition fail to show a liability of the county of Chautauqua in favor of the plaintiff. The statute provides that jails shall be established and kept in every county, at the expense of the county, for the safe-keeping of the prisoners lawfully committed. The sheriff of the county is required to keep the jail, and is responsible for the manner in which it is kept, and he is required to supply the prisoners with proper food and drink at the expense of the county. (Comp. Laws of 1879, ch. 53, §§ 1, 3, 10.) In another chapter the liability of the county for the boarding and lodging of prisoners is fixed and limited. The sheriff is allowed forty cents per day exclusive of fuel, lights, furniture and bedding, where a jail is provided, and sixty cents per day where no jail is provided. (Laws of 1881, ch. 107, § 1.) The county commissioners are not compelled to allow or pay more than the fees above named for everything included within the terms "boarding and lodging," nor is the county liable to any other officer or person for the same than the sheriff. The duty and responsibility of keeping the jail and supplying and caring for the prisoners, is devolved by law upon the sheriff. The care and safe-keeping of the prisoners are committed to him, and in regard to their board and lodging the board of county commissioners deals only with him. The only statute authorizing the payment of compensation by the county board provides that it shall be paid to the sheriff, and to him alone is the county liable for supplying board and lodging for the prisoners. (*Comm'rs of Atchison Co. v. Tomlinson,* 9 Kas. 167.)

1. Sheriff; boarding and lodging prisoners.

It appears that the prisoner was held and cared for by the plaintiff at the request of the sheriff, outside of the jail, although there was a jail at the county seat. Where the jail is over-crowded or insufficient, or where for some other good

reason the prisoner cannot be properly kept and supplied in the jail, as was the case here, he may be temporarily held and supplied outside of the jail. In such a case the county would doubtless be liable for the statutory compensation. Where the jail is insufficient for the safe-keeping of prisoners, the sheriff may employ such guards as are actually necessary, and for the service of such guards "the board of county commissioners shall *allow the sheriff* reasonable compensation, to be paid out of the county treasury." (Laws of 1881, ch. 107, § 1.) The liability of the county for the services of these guards, or for the temporary restraint and maintenance of the prisoners outside of the jail, is to the sheriff, and therefore while the sheriff has a right to claim compensation for holding and supplying the prisoners outside of the jail, the plaintiff has not.

The items of the plaintiff's account, and for which he sues, do not fall within the service and supplies of which mention has been made, and which are to be furnished by the sheriff as board and lodging. There is another section, however, which does include them. It reads as follows:

"Whenever the tribunal transacting county business of any county in which the offender shall have committed any crime for which he is imprisoned, may be satisfied of the necessity of so doing, they may make an allowance for ironing the prisoner, and may allow a moderate compensation for medical services, fuel, bedding and menial attendance for any prisoner, which shall be paid out of the county treasury." (Crim. Code, § 331.)

Under this authority, the tribunal transacting county business may make an allowance for medical services, fuel, bedding, and menial attendance furnished for prisoners to any person who furnishes the same, and is not confined to dealing with the sheriff alone. The authorization of or allowance for such services is, however, discretionary with the board. The board "*may* allow a moderate compensation" when it is "*satisfied* of the necessity of so doing." The county cannot be held liable because the service and supplies were furnished

2. Medical services for prisoner; liability of county.

upon the request of the sheriff; nor by reason of the individual consent or action of the members of the county board. (*Roberts v. Comm'rs of Pottawatomie Co.*, 10 Kas. 29.) The liability of the county can only arise upon an order made by the county commissioners duly convened and acting as a board. The petition alleges, it is true, that the prisoner was placed by the sheriff in charge of the plaintiff, with the knowledge and consent of the county commissioners, and that the supplies were furnished and the services rendered by the plaintiff at the request of the sheriff, and with the knowledge, consent and approval of the county commissioners. This is insufficient to bind the county. It is nowhere alleged that the county board consented that the plaintiff should be employed or should furnish the supplies at the expense of the county. Physicians and nurses might have been employed and medicines furnished at the instance of the sheriff, the compensation to be paid by the prisoner or by his friends, and the consent of the commissioners to such action would of course create no liability against the county. According to the petition, the only formal presentation of the matter to the county board was when the claim was presented in January, 1885, at which time the board, as it had the option and right to do, refused to make the allowance and rejected the claim. It is clear that the petition as it now stands does not state a cause of action in favor of the plaintiff and against the county, and the ruling of the court in sustaining the demurrer must therefore be affirmed.

All the Justices concurring.