JOSEPH CLEARY, Plaintiff and Appellant, *v.* THE COUNTY OF
          EDDY, Defendant and Respondent.

**Public Officers—Office Rental—Liability of County.**

> A public official cannot, on refusal of the board of county commis-
> sioners to provide office room for him, rent an office and bind the county
> for the rent; nor is the county liable to him for the rent he pays. His
> remedy is to compel by *mandamus* the board to furnish him with an
> office.

(Opinion filed Feb. 9, 1892.)

*A*PPEAL from district court, Eddy county; Hon. RODERICK
  Rose, Judge.

*Joseph Cleary (Fredrus Baldwin,* of counsel), for appellant.
*Edgar W. Camp* and *J. F. Keime,* for respondent.

Proceeding by Joseph Cleary against the county of Eddy to recover for his office rent and for fuel consumed by him while officer of defendant. Judgment for defendant. Plaintiff appeals. Affirmed.

Joseph Cleary and Fredrus Baldwin, for appellant:

The action was properly commenced. Townsley v. County of Ozaukee, 18 N. W. Rep. 840; Waldo v. Manitowoc County, 11 N. W. Rep. 252; Compiled Laws, §§ 610–614. Under a statute where it is not made the duty of a county to provide an office, the court has compelled the county to pay for the same. McCalmont v. County of Alleghany, 29 Pa. St. 417. See also, Iowa City v. Foster, 10 Iowa 192.

Edgar W. Camp, for respondent:

Unless given by statute no action lies against a county for failure to perform a public duty. Dosdall v. Commisioners, 14 N. W. Rep. 458; Eastman v. Meredith, 72 Amer. Dec. 302; Pruden v. Grant County, 7 Pac. Rep. 308. The plaintiff's remedy was by *mandamus*. McLeod v. Scott, 26 Pac. Rep. 1061; People v. Supervisors, 25 Amer. Rep. 461; Bishop v. Oakland, 58 Cal. 574. The New York doctrine is that where the duty relied upon is a duty, not of the county, but of the board of supervisors, no action will lie against the county. Bright v. Supervisors, 18 Johns. 243; Boyce v. Supervisors, 20 Barb. 295; Chace v. County, 23 Barb. 603; Hall v. Supervisors, 32 N. Y. 473.

J. F. Keime, for respondent:

When a statute gives a new right and with that right gives a remedy for its enforcement, that remedy is exclusive. Inman v. Tripp, 17 Am. Law Reg., § 143; Bassett v. Carleton, 54 Amer. Dec. 605; Taylor v. Railroad Co., 55 Amer. Dec. 185; Dudley v. Mayhew, 3 N. Y. 9.

The opinion of the court was delivered by

CORLISS, C. J. This controversy reached the district court for trial by an appeal from the decision of the board of county commissioners of Eddy county rejecting the plaintiff's claim.

This appeal was taken and heard pursuant to the provisions of §§ 610-614 of the Compiled Laws. The issues were tried before the court without a jury, and the only question to be here considered is whether the findings of fact sustain the conclusions of law. The trial court affirmed the action of the county board in rejecting the claim. The court found that between the 5th of August, 1885, and the 25th of April, 1891, the plaintiff held successively the offices of probate judge, of clerk of court, and of district and state's attorney; that during all of this time, with the exceptions of two months, he furnished his own office and fuel; that at divers times he demanded of the board of county commissioners of such county that they furnish him with an office room for his use as a public officer, and that such demand was at all times refused, except during two months, as hereinbefore stated; and that the office so furnished by the plaintiff for his own use as a public officer was furnished by him without the request or direction of the board of county commissioners. The claim presented was for the value of the use of the office, the same being owned by the plaintiff; and also for the value of the fuel used by him in connection with such office. We are clear that the trial court was right in affirming the action of the board. The plaintiff had no contract with the county, or with anyone authorized to represent the county in the matter. He bases his claim entirely on § 606 of the Compiled Laws, which provides: "In any county where there is no court house or jail erected by the county, or where those erected have not sufficient capacity, it shall be the duty of the board of county commissioners to provide for court room, jail, and offices for the following officers: Sheriff, treasurer, register of deeds, district attorney, auditor, clerk of the district court, superintendent of public schools, and judge of probate; to be furnished by such county in a suitable building or buildings, for the lowest rent to be obtained, at the county seat, or to secure and occupy suitable rooms at a free rent within the limits of the county seat, or any of the additions thereto, until such county builds a court house. They shall also provide the courts appointed to be held therein with attendants, fuel, lights, and stationery, suitable and sufficient for the

transaction of their business. If the commissioners neglect, the court may order the sheriff to do so, and the expense incurred by him in carrying the order into effect, when certified by the court, shall be a county charge." Here is a specific duty imposed by law upon the board of county commissioners, and not upon the county. For an omission to discharge this duty the law affords an adequate remedy to the public officer by *mandamus* proceedings to compel the performance of that duty specifically enjoined by law. § 5517, Comp. Laws. The court will, in a proper case, command that the board provide office rooms, etc.; but the board is to judge for itself what conveniences and facilities are proper and necessary in view of the nature of the office whose income demands that he be furnished with office room, and the financial condition of the county, and the volume and character of the public business to be transacted by such officer. No public officer can, upon refusal of the county board to furnish him with an office, substitute his judgment for that of the body to whose judgment the law has left the question, and then hold the county liable for the rent of such office. The question is an administrative one, and the remedy of the citizen is by *mandamus* to compel the board to take some action, and furnish him with some kind of an office, in which to perform his public duties. The county can be held for rent only when a valid contract is made by some officer or body having authority to bind the county in that respect. The law confers upon no officer the power to rent his own office and bind the county. On the contrary, that power is vested exclusively in the board of county commissioners, except as otherwise provided in the last sentence of § 606. Whether that body discharged its duty to the plaintiff was a question exclusively between himself and that body. The bare statement of the facts seems to us to suffice without further argument. We cite as more or less sustaining our views the following decisions: Peck v. Kent Co., 47 Mich. 477, 11 N. W. Rep. 279; Roberts v. Commissioners, 10 Kan. 29; People v. Supervisors, 23 How. Pr. 89; Hendricks v. Commissioners, 35 Kan. 483, 11 Pac. Rep. 450; Commissioners v. Stoddart, 13 Kan. 207. The judgment of the district court is affirmed. All concur.