### TILLOTSON v. POTTER COUNTY *et al.*

Under Laws 1890, Chap. 134, providing that county commissioners shall, if they deem necessary, fix the number of clerks to be employed by county treasurers and their compensation, a treasurer has no authority

to employ a clerk until the necessity thereof has been determined, and his compensation fixed by the board.

(Opinion filed June 16, 1897.)

Appeal from circuit court, Potter county.   Hon. LORING E. GAFFY, Judge.

Action to recover for salary of deputy county treasurer. Plaintiff had judgment and defendant appeals.   Reversed.

The facts are stated in the opinion.

*S M. Howard* (*R. B. Fisk*, of counsel), for appellants.

The complaint does not state facts sufficient to constitute a cause of action.   Gage County v. Wilson, 38 Neb., 167.

*A. L. Ellis* and *Albert Gunderson*, for respondent.

HANEY, J.   It is alleged in the complaint that defendants are one of the organized counties of this state, and the commissioners thereof; that since January, 1893, plaintiff has been treasurer of such county, and it has been necessary for the prompt and accurate dispatch of business in his office to employ a deputy; that during the months of January, February, March, October and December of each year, it is impossible for one man to do the work in said office; that with plaintiff and his deputy, each of whom is quick and accurate in performing the duties of said office, working therein during said months, it is necessary to work nights to properly dispatch the business of said office; that immediately upon entering upon his duties, in January, 1893, plaintiff appointed W. A. Herron as his deputy, who immediately entered upon his duties, and has since been, and now is, deputy treasurer, and during all that time has continued to perform and assist in performing the duties of said office; that plaintiff has been compelled to pay said deputy from his private funds, because the county commissioners have refused to pay said deputy for said services so rendered, which services are reasonably worth $50 per month; that plaintiff's claim has been properly presented to the county commissioners, by whom it has been rejected; that the fees of said office

annually collected by plaintiff are sufficient to pay amount so claimed for deputy's services after paying plaintiff's salary.

Do the facts stated constitute a cause of action against the county? The answer to this inquiry depends upon the construction to be given Chapter 134, Laws 1890. It contains the following: "If, in the judgment of the board of county commissioners of any county, it shall be deemed necessary for the prompt and accurate dispatch of business in the office of the register of deeds or county treasurer that deputies or clerks be employed therein, they shall, by resolution, fix the number of clerks to be employed, and the compensation which they shall receive, which compensation shall be paid monthly from the special salary fund by warrant; provided, that the officer in whose office such deputies or clerks are to be employed shall have the sole power of appointing the same, and removing them at pleasure; provided, further, that the total amount paid to the register of deeds or county treasurer for salary and clerk hire shall not exceed the amount of fees by such officer collected; provided, further, that any officer who shall receive and appropriate to his own use and benefit any part of the salary allowed any clerk employed under the provisions of this act shall be deemed guilty of a misdemeanor." It is clear that there is no authority to employ clerks or deputies in the offices mentioned, at the expense of the county, until the necessity therefor has been determined, and their number and compensation fixed by the board. If the judgment of the board can be reviewed at all, it must be by an appeal from its decision refusing to authorize the employment of assistance, taken either by the officer or seven or more taxpayers. Comp. Laws, § 610. If the discretion of the commissioners can be thus reviewed, the officer and public have a speedy and adequate remedy of preventing an improper obstruction of the public business. If, however, the decision of the board is final, and it fails to provide proper means of carrying on the public business, the remedy is with the people to select a different board, or the legis-

lature to enact a different law.    The statute was in force when
plaintiff was elected.    He assumed the performance of his offi-
cial duties, knowing his rights.    If unable to perform such
duties without assistance, he was at liberty to obtain authority
from the board for the employment of a deputy, employ one at
his own expense, or resign.    Not having secured such author-
ity, the county is not liable for the sums he has expended in
paying a deputy.    The views herein expressed are supported
in principle by the following decisions:  Cleary v. Eddy Co.
(N. D.) 51 N. W. 586; Hendricks v. Board of Com'rs (Kan.
Sup.) 11 Pac. 450; Roberts v. Commissioners, 10 Kan. 32.  The
order of the circuit court overruling defendants' demurrer to
the complaint is reversed, and the cause remanded for further
proceedings according to law.