## TILLOTSON v. POTTER COUNTY *et al.*

Laws 1890, Chap. 134, § 5, which provides that, if the county commissioners of any county deem it necessary for the dispatch of business in the office of register of deeds or county treasurer that deputies or clerks be employed, they shall by resolution fix the number of clerks to be employed, and their compensation, contemplates that the commissioners shall exercise their judgment in the matter in the case of each register of deeds and treasurer elected; and a resolution authorizing the employment and payment of a deputy by one treasurer affords no ground for an action against the county to recover the salary of a deputy appointed by a subsequent treasurer.

(Opinion filed August 29, 1900.)

Appeal from circuit court, Potter county. Hon. LORING E. GAFFY, Judge.

Action by Lewis Tillotson against Potter county and others to recover moneys paid as clerk hire to a deputy. Appeal by

plaintiff from an order sustaining a demurrer to the complaint. Affirmed.

*Albert Gunderson* and *A. L. Ellis,* for appellant.

*S. M. Howard* and *Horner & Stewart,* for respondents.

CORSON, J.   This case comes before us upon an appeal from an order sustaining the demurrer to the complaint.   The case was before this court on a former appeal, and is reported in 10 S. D. 60, 71 N. W. 754.   That appeal was from an order overruling the demurrer to the complaint.   The order of the court below was reversed, and the complaint held insufficient. On the case being remitted to the court below, the plaintiff sought to remedy the defect in his complaint by amending the same and inserting therein the following allegations:   "That, in the judgment of the board of county commissioners of said county, it was deemed necessary for the prompt and accurate dispatch of business in said county treasurer's office that one deputy be employed therein, and that they by resolution fixed the number of deputies at one, and fixed the compensation at fifty dollars per month; that it was the custom of said board of county commissioners of said county to allow for said county treasurer's office, for the prompt and accurate dispatch of business therein, the employment of one deputy, at a salary or compensation of fifty dollars per month, which deputy hire had been allowed and which compensation had been allowed by said board of county commissioners for more than two years prior to the times hereinafter mentioned; and that said order and allowance had never been by said board refused or revoked, but that said rule was in full force and effect."   The appellant contends that, under the decision rendered by this court, the

complaint, by the insertion of these two paragraphs, now states facts sufficient to constitute a good cause of action. But it is insisted by respondent that this amendment does not remedy the defect in the former complaint, and this seems to have been the view taken by the learned circuit court. Chapter 134 of the Laws of 1890, referred to in the former opinion of this court, provides, by Section 1 of the chapter, that registers of deeds and county treasurers shall each receive a salary, and fixes the amount thereof. Section 2 provides that each of these officers shall keep accurate accounts of the fees received by him, and shall pay over the same to the county treasury. Section 4 provides a penalty in case either of the officers named shall neglect or omit to charge and collect the fees, and keep an accurate account of the same. Section 5 provides as follows: "If, in the judgment of the board of county commissioners of any county, it shall be deemed necessary for the prompt and accurate dispatch of business in the office of the register of deeds or county treasurer that deputies or clerks be employed therein, they shall by resolution fix the number of clerks to be employed, and the compensation which they shall receive. * * *" Section 6 provides the method of determining the population of the county, and Section 7 provides that certain salaries named shall not be affected by the passage of the act. It will thus be seen that the legislature very carefully provided for the salary payable to these officers and the clerk hire that should be paid in addition to such salary. The necessity for such clerk hire, and the number of clerks to be employed, are left to the judgment of the board of county commissioners, subject to such an appeal as is by law provided; and, by a fair construction of Section 5, it would seem necessary for the judg-

-ment of that board to be exercised in the case of each register of deeds and county treasurer elected. One or more clerks might be necessary for the proper dispatch of business during the term of one officer, and no clerk be required during the term of another officer. It is therefore provided, as will be noticed, by Section 5, that the board is required by resolution to fix the number of clerks to be employed, and the compensation which they shall receive, which compensation shall be paid monthly from the salary fund, by warrant. It is further provided that the total amount paid the officer for salary and clerk hire shall not exceed the amount of fees collected by such officer In the complaint in this case it will be noticed that it is not alleged that any such resolution was adopted in regard to a clerk for the appellant, but that the only allegation is that, in the judgment of the board of county commissioners of said county, it was by said board deemed necessary, etc.; and from the fifth paragraph it may be clearly inferred that no such resolution was adopted, for it is therein alleged that it was the custom of said board of county commissioners to allow for said county treasurer's office the employment of one deputy at a salary or compensation of $50 per month, and that such clerk hire had been allowed by said board for more than two years prior to the time thereinafter mentioned, and that said order had never been by said board refused or revoked, but that said rule was in full force and effect. It is quite clear from the allegations of these two paragraphs that the only action of the board referred to was action affecting some prior county treasurer, and this is not sufficient. We think, under the provisions of the law, that it must be made to affirmatively appear in the complaint that the board had by resolution fixed the number

and compensation of the clerks required in the office while held by appellant. Plaintiff cannot avail himself of the resolution adopted for some prior incumbent, unless such resolution was clearly intended to apply to fuoure treasurers. We are of the opinion, therefore, that the complaint, as amended, does not state facts entitling the plaintiff to recover in this action. The order of the circuit court, sustaining the demurrer, is therefore affirmed.