T. A. Massie, Appellant, v. Harrison County, et al., Appellees.

**Taxation:** APPOINTMENT OF COLLECTORS. A county treasurer, alone, has power to appoint a collector to assist in the collection of delinquent personal taxes; but where a board of supervisors contracts with the person so appointed to pay a certain percentage for collecting, without other expense to the county, the statutory fee for collecting under appointment from the treasurer, will be presumed to be covered and included in the contract.

**Compensation of tax collectors:** ILLEGAL PAYMENT: RECOVERY BY COUNTY. A board of supervisors has no authority to contract with one, appointed by the treasurer to assist. in collecting delinquent personal taxes, for the payment to him as commissions of a greater sum than the treasurer may by law pay; and where such excess payment has been made under a void contract the county may recover it back.

**Same.** A board of supervisors has no authority to employ an assistant for the treasurer to make up a delinquent tax list and pay him from the county treasury.

*Appeal from Harrison District Court.*— Hon. N. W. Macy, Judge.

Wednesday, January 10, 1906.

Action by plaintiff to recover a sum alleged to be due to him as a tax collector appointed by the treasurer of the defendant county. The defendant made answer, and also, by way of a counterclaim, sought to recover back moneys alleged to have been unlawfully paid out of the county treasury of said county to plaintiff. Trial being had, both the petition and the counterclaim were dismissed, and there was judgment against plaintiff for the costs of the action. Both parties appeal. Plaintiff will be denominated the appellant.— *Affirmed* on plaintiff's appeal. *Reversed* on defendant's appeal.

*J. S. Dewell,* for appellant.

*L. W. Fallon,* for appellee.

BISHOP, J.— On January 25, 1898, a contract in writing was entered into between the board of supervisors of the defendant county and plaintiff, whereby the latter was employed to make in book form a complete list of all delinquent personal taxes due said county for the years 1892 to 1896, inclusive, and to collect such taxes, using all diligence and energy necessary therefor. It was provided in the writing that plaintiff should turn over to the county treasurer all moneys so collected, " without any other expense to the first party [the county] except as hereinafter provided." Provision is then made for payment to plaintiff of 30 per cent. of all moneys collected by him directly, and 25 per cent. of all moneys paid directly to the county treasurer by delinquent taxpayers. It was further provided that at the expiration of the contract the books compiled or made up by plaintiff should be the property of the county.

Contemporaneous with the making of the contract, plaintiff was appointed by the county treasurer of said county as tax collector under the provisions of Code, sec. 1407. He at once entered upon the employment, made up the lists provided for, and proceeded to make collections. Included in the latter were the taxes as levied, interest thereon, and a collector's fee of 5 per cent. as authorized to be collected by said Code, sec. 1407. The total amounts collected were turned over by him as collected to the county treasurer, and from time to time he presented to the board statements of the work done by him, and his claims for compensation according to the terms of the contract. The total amount collected by plaintiff was the sum of $7,650, and there was paid to him, on account thereof, the aggregate sum of $3,655, being the full amount claimed under the contract.

I.  This action was subsequently brought by plaintiff to recover the sum of $380, being the amount of the collector's commission so collected by him from taxpayers and turned over to the county treasurer, with the other moneys coming into his hands; and thereto the defendant in answer pleaded said contract and the full performance thereof. It must be assumed that the parties intended to act in conformity with law. In this view, the appointment of plaintiff as a tax collector was contemplated in the making of the contract. This must be so, because in no other way could he be given authority to make tax collections. It is for the county treasurer, by himself, or through collectors appointed by him, or through the sheriff, to make collection of delinquent personal taxes. The board of supervisors has neither duty or authority in the premises. Code, sec. 1407. Moreover, plaintiff says in testimony that he insisted that he should be given an appointment by the treasurer as a condition to entering into the contract. Now, had plaintiff acted simply upon an appointment by the treasurer, it is clear that he could not have received more than 5 per cent. of the amount collected for his services and expenses; and there is no theory upon which he could be entitled to receive more for such service because his appointment was brought about as a result of an agreement between himself and the board of supervisors. It follows that both plaintiff and the board must have acted upon the understanding that the compensation provided for in the contract included the collector's percentage authorized in direct terms by the statute. Otherwise the contract would have been as so much wasted breath and paper. Indeed, this was intended to be expressed in the contract, as we think, by use of the words " without any other expense to said party of the first part [the county]." In any event, plaintiff could not have double compensation for the same service, that provided for by law, and an additional amount provided for by con-

*1. Taxation: appointment of collectors.*

tract; and we should not assume that such was intended, even in the absence of any contract words on the subject. No authorities are needed to support the conclusion thus arrived at. The trial court acted rightly in dismissing the petition of plaintiff.

II. In its counterclaim the defendant sought to recover back the moneys paid to plaintiff as stated foregoing, and this upon the theory that the contract under which the

2. COMPENSATION OF TAX COLLECTORS: illegal payment: recovery by county.

payments were made was unauthorized by law, and void. That plaintiff was entitled to be paid the amount of the percentage collected by him, being the 5 per cent. authorized to be collected by Code, sec. 1407, cannot be denied. Upon his own showing this amounted to the sum of $380.02. That he could be paid no more for his services and expenses in making collections is made clear by the statute authorizing his appointment. " Every collector appointed shall receive for his services and expenses the sum of 5 per cent. on the amount of all taxes collected and paid over by him, which percentage he shall collect from the delinquent," etc. A tax collector is a public officer, and is so treated in the statute. And we have distinctly ruled in several cases that no contract can be made looking to the allowance or payment to a public officer of any other or greater compensation than that fixed by law. If public money is paid pursuant to such a contract, it may be recovered back.

It must also be said that the contract was without authority, in so far as it had relation to services to be rendered by plaintiff in making up or compiling a delinquent

3. SAME.

tax list. Whether such list was regarded as a necessity or as a mere convenience, it was a work that belonged to the treasurer's office, and with which the board of supervisors had nothing to do. The law does not authorize the board to withdraw from a county officer a portion of the duties pertaining to his office, and contract with a third person for the performance of such duties, pay-

ment therefor to be made from the county treasury. It is true that under conditions the board may authorize the employment of additional clerical help in the office of the county treasurer. Code, sec. 491. As the record now stands, however, it does not appear that plaintiff was employed to compile the list by the county treasurer, or at his instance or request. In view of a possible new trial on the counterclaim, we need go no farther than to say that if the list was procured to be made up at the request of the treasurer, and the circumstances were such as to justify action on the part of the board, compensation can only be allowed as authorized by the statute. Taking the record as we have it before us, we are abidingly satisfied that in so far as moneys were paid to plaintiff on account of services rendered as a collector, in excess of 5 per cent. as authorized by law to be paid, and as to such part of the moneys paid as were intended to compensate plaintiff for making the tax list, the right of the county to recover back is not open to question. Our conclusion is fully sustained by these cases: *Adams Co. v. Hunter,* 78 Iowa, 328; *Heath v. Albrook,* 123 Iowa, 559.

It follows that upon plaintiff's appeal the judgment should be, and it is, affirmed. On defendant's appeal the judgment is reversed, and the cause is remanded for further proceedings not inconsistent with the views expressed in this opinion.

*Affirmed* on plaintiff's appeal.    *Reversed* on defendant's appeal.