## GEORGE JACOBSON v. RANSOM COUNTY.

Opinion filed January 23, 1906.

**County Treasurer Can Employ a Clerk Only for Compensation Provided by Law.**

1. No liability exists against a county for money expended by a county treasurer for clerk hire in excess of the compensation therefor fixed by the county commissioners as provided by section 2081, Rev. Codes 1899.

**Same — Discretion of County Commissioners.**

2. The necessity for such clerk and the compensation to be paid him are matters within the discretion of the commissioners; and such discretion will not be reviewed by the courts in an action for the recovery of the excess so paid.

Appeal from District Court, Ransom county; *Allen, J.*

Action by George Jacobson against Ransom county. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Geo. S. Ego,* for appellant.

*Alfred M. Kvello,* for respondent.

MORGAN, C. J. The plaintiff brings an action against the defendant county to recover moneys paid out by him for clerk hire,

On January 7, 1901, the commissioners of the county authorized the plaintiff, the county treasurer since January 1, 1901, to employ a clerk at a salary of $30 per month for that year. The plaintiff failed to procure one at that price and employed one at $40 per month, after he had conversed with two of the five county commissioners. These two individually indicated to him that they would vote for payment of such salary at $40 per month. In the year 1902 the county commissioners authorized the plaintiff, as treasurer, to employ a clerk at $40 per month as salary. During that year and subsequent years the plaintiff employed a clerk, and at times paid him more than $40 per month. This action is brought to recover the excess paid my him over the salary allowed by the commissioners. The district court found in favor of the defendant and dismissed the action.

In so doing there was no error. Section 2081, Rev. Codes 1899, governs the rights and duties of the commissioners in such matters, and is as follows: "If in the judgment of the board of county commissioners of any county it shall be deemed necessary for the prompt and accurate dispatch of business in the office of the county treasurer that a deputy or clerk be employed therein it shall by resolution fix the number of deputies or clerks to be employed and the length of time they shall be employed, together with the compensation which they shall receive, which compensation shall be paid monthly in the same manner as the salary of the county treasurer." This section delegates to the commissioners the power to determine the necessity for the appointment of deputies and clerks and to fix the duration of the appointment, as well as the compensation to be paid. No power is conferred upon the treasurer, except to appoint and employ the clerk or deputy. He has no power to determine the necessity for such appointment nor the amount of compensation. He cannot bind the county as to these matters any more than any other citizen can. The commissioners have charge of all the fiscal affairs of the county and to secure their management in the best manner. Section 1907, Rev. Codes 1899. The statute cannot be construed to permit the treasurer to substitute his judgment for that of the commissioners as to the necessity for a clerk, nor the compensation, and bind the county by such action. All such expenditures are exclusively within the control of the commissioners. Discretion is vested in the commissioners as to these matters, and the same will not be reviewed

by the courts in such actions as this. No absolute duty devolves on the commissioners to authorize the hiring of clerks. The following cases are in point under similar·statutes: Cleary v. Eddy County, 2 N. D. 397, 51 N. W. 586; Hendricks v. Commissioners, 35 Kan. 483, 11 Pac. 450; Peck v. Supervisors, 47 Mich. 477, 11 N. W. 279; Commissioners v. Stoddart, 13 Kan. 207; Roberts v. Commissioners, 10 Kan. 29; Tillotson v. Potter County (S. D.) 71 N. W. 754; Tillotson v .Potter County (S. D.) 83 N. W. 623. The action is not maintainable, and was properly dismissed by the district court.

Judgment affirmed. All concur.