(No. 5448.   November 30, 1929.)

N.   IRENE   WILLIAMS, Respondent, v.   BOARD   OF
COUNTY   COMMISSIONERS   OF   BENEWAH
COUNTY, Appellants.

[282 Pac. 867.]

Wm. D. Keeton and Ed. S. Elder, for Appellants.

N. D. Wernette, for Respondent.

GIVENS, J.—The probate judge of Benewah county, January 10, 1927, appointed Mrs. N. Irene Williams clerk of his court for his term of office, and fixed her salary at $100 per month. The Board of County Commissioners approved the appointment and salary, February 14, 1927.

Respondent acted as such clerk until January 14, 1929, and until April 1, 1928, received $100 per month from the county, at which latter date the board, pursuant to chapter 232, Sess. Laws, 1927, p. 337, adopted a county budget and fixed the compensation for clerical services in the probate court at $312 for the period from April 1, 1928, to April 1,

1929. No appeal was taken from this order of the board adopting the budget. After April 1, 1928, claims for salary at the rate of $100 per month, approved by the probate judge, were presented to the board by Mrs. Williams and disallowed.

On appeal the district court ordered these claims paid and the county is here contesting such ruling.

Chapter 232, Sess. Laws, 1927, p. 337, which enacted a budget law, provides a complete scheme of county finances, and places the ultimate power over and supervision of county expenditures, subject to appeal to the district court, exclusively in the Board of County Commissioners.

C. S., sec. 3509, provides that "an appeal may be taken from any act, order or proceeding of the board, by any person aggrieved thereby," and this court, in the case of *Reynolds v. Board of Commissioners*, 6 Ida. 787, 59 Pac. 730, has expressly held that a county office holder who feels himself aggrieved by the board's action in fixing his salary may, under the provisions of this section, appeal.

By the budget law, salaries are to be itemized and definitely fixed in the budget adopted by the board. Conceding the right of the probate judge to appoint a clerk (sec. 6469), and conceding the salary of such clerk may be a county charge, which latter point we do not decide or pass upon, the final determination of the salary of such appointee rests with the board. (Chap. 232, Sess. Laws 1927, *supra*.) The legislature undoubtedly intended by this act to impose on county governments an efficient and businesslike administration of their finances and failure to abide by the budget, after adoption, except in cases of emergency and mandatory charges is made a misdemeanor. The purpose of a budget is to better enable finance officers to restrict expenditures within the limits of available income. If the totals fixed by the budget could be changed by appeals prosecuted long after the budget had gone into effect, its purpose would be thwarted and the intention of the legislature to inaugurate a sound system of county finances negatived.

It is unnecessary to determine whether such appeals should be taken at the time of the filing of the preliminary or the final budget. In the case before us, no appeal was taken until almost a year after the adoption of the final budget and then not from the order fixing the budget but from the disallowance of the salary. C. S., sec. 3509, provides that appeals from orders of the commissioners must be taken within 20 days of the filing of the monthly statement of proceedings wherein or whereby the party appealing was aggrieved.

Salaries of the kind considered herein may be paid only as authorized by statute. (*Jacobson v. Ransom County,* 15 N. D. 69, 105 N. W. 1107; *Massie v. Harrison County,* 129 Iowa, 277, 105 N. W. 507; *Wines v. Garrison,* 190 Cal. 650, 26 A. L. R. 1302, 214 Pac. 56.)

The conclusion is inevitable that the salary which respondent is attempting to recover not having been included in the budget for the year April 1, 1928, to April 1, 1929, and not being emergency or mandatory charge (chap. 232, Sess. Laws, 1927, pp. 342, 343; *Woodward v. Board of Commissioners,* 5 Ida. 524, 51 Pac. 143) could not lawfully have been paid by the board.

The judgment is reversed. No costs allowed.

Budge, C. J., and T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.