ANDERSON, Appellant, v. BEADLE COUNTY, Respondent.

(211 N. W. 968.)

(File No. 5639.   Opinion filed January 28, 1927.)

1.   Sheriffs and Constables—Sheriff Cannot Recover from County for Salary Paid Deputy, Where Board of Commissioners Does Not, by Resolution, Authorize Payment (Rev. Code 1919, § 5966).

Sheriff cannot recover from county for salary paid by him to his deputy, where board of commissioners does not, by resolution, authorize amount of salary or number of deputies, in view of Rev. Code 1919, § 5966, providing that if, in judgment of

board of commissioners, deputies are necessary, board shall, by resolution, fix number of deputies and compensation.

2.  **Sheriffs and Constables—Sheriff's Per Diem for Court Attendance Held "Fees" Within Statute Providing Payment to Him by County of Deficiency of Fees Under $1,200 ( Rev. Code 1919, §§ 5962, 5967).**

Sheriff's per diem for opening court and attending thereon under Rev. Code 1919, § 5962, held fees within section 5967 (Laws 1916-17, c. 190), providing that in counties having population of over 2,500 sheriff shall render annual report of fees received and be paid deficiency under $1,200, in view of history of section 5962 (Comp. Laws 1887, § 1409; Rev. Code 1903, § 1830; Laws 1909, c. 244; Laws 1911, c. 229; Laws 1919, c. 312).

Note.—See, Headnote (1), American Key-Numbered Digest, Sheriffs and constables, Key-No. 65, 35 Cyc. 1560; (2) Sheriffs and constables, Key-No. 54, 35 Cyc. 1584.

Appeal from Circuit Court, Beadle County; HON. ALVA E. TAYLOR, Judge

Action by Fred W. Anderson against the County of Beadle. Judgment dismissing the complaint, and plaintiff appeals. Affirmed.

Leo A. Temmwey, of Huron, for Appellant.

MISER, C.  The material facts in this case, as found by the circuit court, are as follows:  During the year 1919 plaintiff, as sheriff of Beadle County, had a deputy, duly appointed by him, whose appointment was duly filed.  He paid this deputy $150 per month.  It was customary and necessary for the sheriff of Beadle County to have a deputy.  The board of county commissioners knew of this appointment and knew the compensation appellant was paying; and, when the appointment of such deputy was filed at the beginning of the year 1919, this board said to plaintiff, "If he suits you, he suits us;" but said commissioners at no time adopted a resolution declaring a deputy sheriff to be necessary or fixing his compensation.  During that year, appellant collected as fees for the service of processes, making arrests, etc., the sum of $1,061.15.  In addition thereto, he collected $125.74 commissions on judicial sales and $398 per diem attendance at court, making a total of fees, per diems, and commissions of $1,584.89.  This sum does not include money collected by appellant for acting as jailer, nor mileage, nor for boarding prisoners, collecting delinquent taxes

transporting prisoners to the penitentiary, or transporting patients to the Hospital for the Insane. At the close of the year 1919, he filed a report showing the collection of $1,061.15, and showing the payment to the deputy of $1,800. This report was never audited by the commissioners. The population of said county is over 2,500, and the claim sued on was duly presented and by the defendant disallowed. Appellant seeks to recover the 1,800 paid by him to the deputy, and for the difference between $1,061.15 reported as fees and the minimum salary of $1,200 allowed by section 5967, Rev. Code. The judgment was for a dismissal of the plaintiff's complaint. The appeal is from the judgment.

[1] Is Beadle county liable to reimburse appellant for the $1,800 paid by him to his deputy? The circuit court found that the board of county commissioners did not, by resolution, authorize the amount of salary paid to plaintiff's deputies or the number of deputies that might be appointed, and that therefore payment to any deputies by plaintiff was unauthorized.

A portion of section 5966, Rev. Code 1919, is as follows:

"If, in the judgment of the board of county commissioners, it shall be necessary for the prompt dispatch of business in the office of the sheriff that one or more deputies be appointed therein, the board shall, by resolution, fix the number of such deputies to be appointed and the compensation which they shall receive."

Chapter 134, Laws of 1890, containing almost identical language, was construed by this court in the case of Tillotson v. Potter County, 10 S. D. 60, 71 N. W. 754, and again in 13 S. D. 461, 83 N. W. 623. In each case the question involved was whether the complaint stated facts making the defendant county liable for moneys which had been actually paid out by plaintiff as county treasurer for the employment of a deputy. The complaint also alleged that it was necessary to employ a deputy. In that case the court, after quoting the language of the statute, which is almost identical with that portion of section 5966 last above quoted, says:

"It is clear that there is no authority to employ clerks or deputies in the offices mentioned, at the expense of the county, until the necessity therefor has been determined, and their number and compensation fixed by the board." 10 S. D. 62, 71 N. W. 755.

When, after the complaint had been amended, the case was

before the court on the second appeal, this court affirmed the order of the circuit court sustaining the demurrer, and said:

"We think, under the provisions of the law, that it must be made to affirmatively appear in the complaint that the board had by resolution fixed the number and compensation of the clerks required in the office while held by appellant." Tillotson v. Potter County, 13 S. D. 464, 83 N. W. 624.

Clearly, under the authority of these cases, Beadle County was not liable for the $1,800 or any part of it paid by appellant to his deputy.

[2]  Secondly, is appellant entitled to recover the difference between the sum of $1,061.15 reported by him as collected as fees and the sum of $1,200, the minimum salary for a sheriff in Beadle county? This report did not include as fees the sum of $398 actually collected as per diem for attendance at court. If this sum were included, it would raise appellant's net receipts above the minimum salary of $1,200. Appellant contends that this per diem should not be included in the sheriff's annual report.

Section 5962, Rev. Code 1919, so far as material to the present inquiry, is as follows:

"§ 5962.—*Fees, Per Diem, Commissions, Prisoner's Keep.*—The sheriff shall be entitled to charge and receive the following fees and traveling expenses: * * *  for opening court and attending thereon, per day, to be paid by the county, four dollars."

The section last above quoted appeared as section 1409, Comp. Laws 1887. It had no black letter heading such as section 5962 now has. This heading first appeared in the 1919 Rev. Code. Section 1409, Comp. Laws 1887, so far as material provided:

"The sheriff shall be entitled to charge and receive the following fees: * * *  opening court and attending thereon, per day, to be paid by the county, four dollars."

This was brought forward verbatim as section, 1830, Rev. Code 1903. This section was amended by chapter 244, S. L. 1909, which was, according to its title, "An act * * * providing for the fees of sheriffs"; but no change was made in that part of section 1409 above quoted. This was again amended by chapter 229, S. L. 1911, which was an act entitled, "An act * * * providing for the fees of sheriffs"; but again no change was made in any part of section 1409 above quoted. From the foregoing, it clearly appears

that, from statehood until the revision in 1919, the sheriff's compensation for opening court and attending thereon was paid him by virtue of a statute which began: "The sheriff shall be entitled to charge and receive the following fees." This was the state of the law when chapter 190, Laws of 1917, was enacted, which provided that, at the end of each year, the sheriff should render a full and true report to the county of all fees received by his office, and for a minimum salary of $1,200, and for the payment of the deficiency by warrant when "it shall be found from the annual report, as approved by the county commissioners, that the sheriff's net receipts be less than $1,200."

This, so far as material, is now the law as found in our sections 5966 and 5967, Rev. Code 1919. For the first time in section 5962, Rev. Code 1919, do we find the words, "and traveling expenses;" and in chapter 312, of S. L. 1919, no change was made in these words, so that the law now reads:

"The sheriff shall be entitled to charge and receive the following fees and traveling expenses: * * * for opening court and attending thereon, per day, to be paid by the county, four dollars."

Appellant calls our attention to numerous cases in which a distinction is made between the terms "fees" and "per diem." It is true that per diem is sometimes and by some courts held to be included in the term "fees," and sometimes otherwise, and that the two terms are not always synonymous. The fact remains that from statehood until 1919, the only authority sheriffs had to collect this compensation was by virtue of a statute which denominated it as "fees." We do not believe that the mere prefixing of a black letter heading is sufficient to change the status of that compensation which the sheriff obtains for opening court, from fees, which have to be reported, to per diem, which appellant contends does not have to be reported.

We therefore find that the circuit court was correct in holding "that per diems collected by plaintiff for attendance on court are fees within the purview of the statute and should have been included in his report." With this item included, appellant's net receipts would be in excess of the $1,200 minimum provided by section 5967, and therefore the trial court was clearly right in dismissing his complaint.

The judgment of the circuit court is affirmed.