

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 15, 1957

Honorable Price Daniel
Governor of Texas
Capitol Station
Austin, Texas

Dear Governor Daniel:

Opinion No. WW-7-A

Re: Reconsideration of Opinion
No. WW-7 --Social Security
participation by Senators
and Representatives.

On January 22, 1957, we held in Opinion No. WW-7 that members of the Legislature were elective officials of the State and are "State employees" as that term is defined in Subsection (c) of House Bill No. 666, Acts of the 54th Legislature. We also held that Article III, Section 24 of the Texas Constitution, which provides that members of the Legislature shall receive from the public treasury a per diem of not exceeding Twenty-five Dollars per day, etc., does not provide for the members of the Legislature to be paid upon a fee basis. Said Subsection (c) reads, in part, as follows:

" (c) The term "State Employee" in addition to its usual meaning shall include elective and appointive officials of the State, but shall not include those persons rendering services in positions, the compensation for which is on a fee basis. . . "

You state that you have before you S.B. No. 138 which amends Subsection (c), above quoted, by expressly providing that the term "State employee" shall not include members elected to the House of Representatives and Senate. You request our opinion as to the effect of this Bill in view of the contract between the State and the Federal Government on coverage of State employees.

After receiving your letter, this Department has reconsidered Opinion WW-7, in light of additional facts coming to our attention.

We are enclosing herewith said Opinion, which states the basis of our holding. The writer of this reconsideration opinion, in discussing this matter this morning with Honorable John H. Winters, Executive Director of the Department of Public Welfare, who is charged with the enforcement of our laws relative to Old Age and Survivor's Insurance, learned that such Department, since the passage of House Bill No. 666, Acts of the 54th Legislature, 1955, has consistently construed the term "per diem" as employed in various boards whose members are paid on a per diem basis, to the effect that such compensation is on a fee basis. Since writing our original opinion,

we have been informed that the Treasury Department of the United States has also placed a like construction on the term "per diem".

Black's Law Dictionary, 4th Edition, among other definitions, states that per diem means:

> "Per diem is sometimes and by some courts held to be included in the term fees and sometimes otherwise, and the two terms are not always synonymous. Anderson v. Beadle County, 51 S.D. 6, 211 N.W. 968, 969."

The courts of this State have often stated that the construction placed upon a statute by the governmental agency charged with the enforcement thereof, should not be overturned unless such departmental construction is clearly wrong.

In view of the fact that some courts, as stated in Black's Law Dictionary, have held that compensation on a "per diem" basis is included in the term "fees", we do not believe we can say that the departmental construction of the Welfare Department is clearly wrong. You are therefore advised that our Opinion WW-7 is withdrawn and that it is our considered opinion that the members of the Legislature are excluded from participation in the Old Age and Survivor's Insurance by virtue of the exemption contained in House Bill No. 666 which states, " . . . but shall not include those persons rendering services in positions, the compensation for which is on a fee basis. . . "

You are further advised that S.B. No. 138, which expressly excludes members of the Legislature from coverage under Chapter 467, Acts of the 54th Legislature, will accomplish no purpose whatsoever if it becomes a law, as the members of the Legislature are excluded under the present law.

## SUMMARY

> Subsection (c) of Article 1 of H.B. No. 666, Chapter 467, Acts 54th Legislature which provides that the term "State employee" shall not include persons rendering services in positions, the compensation for which is on a fee basis, excludes members of the Legislature from being covered under the

Act, in that the "per diem" of the
members of the Legislature consti-
tutes payment on a fee basis.

Yours very truly,

WILL WILSON
Attorney General

By *W. V. Geppert*

W. V. Geppert
Assistant

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman

WVG:cs