Calvin WAHL, Robert Pflaumer, Manuel Kindsfater, William Smeenk, and Frank Walton as Members of the Board of County Commissioners of Butte County, South Dakota, Applicants,

v.

The Honorable Scott C. MOSES, Presiding Judge, Eighth Judicial Circuit, Respondent.

No. 14276.

Supreme Court of South Dakota.

Argued Sept. 12, 1983.

Decided Nov. 2, 1983.

Joseph M. Butler of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for applicants.

Mark Smith, Asst. Atty. Gen., Pierre, for respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

WOLLMAN, Justice.

This original action is before us pursuant to a writ of certiorari issued by us on July 22, 1983. Applicants, members of the Board of County Commissioners of Butte County (Commissioners), ask that an order of June 24, 1983, issued by respondent, the Honorable Scott C. Moses, Presiding Judge, Eighth Judicial Circuit, be set aside. We grant the relief requested.

On the basis of a report from the Board of Charities and Corrections, then Presiding Judge Leslie R. Hersrud ordered a temporary closure of the Butte County Jail on June 18, 1980. Following a hearing, Judge Hersrud ordered that the jail not be used except for overnight or weekend incarceration of prisoners. In October of 1982, Butte County entered into an agreement with Lawrence County whereby Lawrence County agreed to house prisoners from Butte County. On April 29, 1983, Judge Moses ordered that an investigation be made of the Butte County Jail by the Board of Charities and Corrections and that no prisoners be confined therein until further order of the court.

On May 23, 1983, applicant Wahl, the Lawrence County State's Attorney, and Butte County Sheriff Lee Bentley appeared before Judge Moses. No testimony was taken, and the hearing consisted of a colloquy regarding the necessity for the appointment of additional deputies to assist in staffing the Butte County Jail and in transporting prisoners to and from the Lawrence County Jail. Commissioner Wahl stated that although he and his colleagues had advised Sheriff Bentley that they would authorize the appointment of part-time additional deputies, they would not authorize an additional permanent deputy under the conditions then existing.

On May 24, 1983, Judge Moses ordered that the jail remain closed until further order and that Commissioners make a proposal within thirty days concerning the operation of the jail. The order further provided that "in the interim" the sheriff of Butte County would be able to hire a law enforcement officer to assist him at the current salary of the present deputy sheriff.

After comparing the cost of operating the jail as required in the recommendations submitted to the court with the cost of transporting the prisoners to the Lawrence County Jail, Commissioners adopted a resolution on June 14, 1983, that the jail remain closed indefinitely or until further notice. On June 24, 1983, Judge Moses again ordered that the jail remain closed until further order. In addition, this order stated:

FURTHER ORDERED that since Butte County Sheriff must transport all of its prisoners to adjoining facilities outside the county which necessitates additional time and travel in addition to the handling of prisoners awaiting Court in Butte County, the Sheriff of Butte County is allowed to hire two (2) additional certified law enforcement officers in addition to the one which he currently has on his staff as Deputy Sheriffs and who will assist in the handling, hauling and

transporting of prisoners in Butte County, and it is;

FURTHER ordered that one of the officers shall receive compensation at 87% of the salary of the Butte County Sheriff and one at 85% of the salary of the Butte County Sheriff as provided for in SDCL 7–12–15, . . . .

Commissioners contend that the circuit court was without jurisdiction to order the employment of the deputies and to fix their compensation. We agree.

SDCL 7–12–9 provides:

If in the judgment of the board of county commissioners, it shall be necessary for the prompt dispatch of business in the office of the sheriff that one or more deputies, jailers or clerks be appointed therein, the board shall by resolution fix the number of such deputies, jailers or clerks and the compensation which they shall receive. . . .

SDCL 7–12–10 provides:

The appointment of each deputy, jailer and clerk shall be made by the board of county commissioners, on the recommendation of the sheriff, in writing, filed with the county auditor. Such appointment may be revoked in the same manner. Each deputy, jailer, clerk, as the case may be, shall qualify by subscribing the official oath and shall give such bond to the board of county commissioners for the discharge of their duties as the board of county commissioners may require.

In *Rosander v. Board of County Commissioners of Butte County,* 336 N.W.2d 160 (S.D.1983), we held that these two statutes conferred upon boards of county commissioners the final authority to appoint deputy sheriffs. In *Tillotson v. Potter County,* 10 S.D. 60, 71 N.W. 754 (1897), this court held that a statute substantially similar to SDCL 7–12–9 placed in the board of county commissioners the sole authority to determine whether to employ deputies or clerks in the office of the register of deeds and the county treasurer and that an action would not lie to compel the commissioners to pay the salary of a deputy appointed by a county treasurer without a prior determination by the commissioners that the position was necessary and the amount of compensation to be paid therefore.

In *Tillotson,* the court suggested that a decision by a board of county commissioners not to authorize the hiring of a deputy might be reviewable on appeal from that decision. Likewise, we do not hold that in the event Commissioners refuse to authorize the employment of sufficient additional deputies to enable the Butte County Sheriff to provide for the prompt, orderly, secure transporting of Butte County prisoners from the Lawrence County Jail to attend necessary court appearances, the circuit court, after proper hearing, would be without jurisdiction to enter such orders as might be necessary to ensure the expeditious handling of criminal cases within Butte County. Such a situation is not before us in the instant case, however, and it is manifest on the face of the record that the trial court acted precipitously and in excess of its jurisdiction in trenching upon the statutory duty and authority conferred upon Commissioners by SDCL 7–12–9 and 7–12–10. There will be time enough for judicial action in the event Commissioners abdicate the considered performance of that duty and the exercise of that authority.

In reaching our decision, we have not overlooked the argument that the order in question was validly entered pursuant to the supervisory power granted by SDCL 24–11–27, which provided: *

The judge of the circuit court shall have power to visit, inspect, and supervise all the jails in his circuit and all county and municipal officers shall comply with the orders of such court relating to jails or inmates therein, in accordance with law and the rules of the board of charities and corrections, and the violation of any

---

* 1983 S.D.Sess.Laws ch. 198 § 8 amended SDCL 24–11–27 by making minor changes in its language.

such order may be punished as a contempt of court.

That portion of the order of June 24, 1983, directing the employment of deputy sheriffs and affixing their compensation does not relate to the operation of the Butte County Jail, however, as perforce it could not in the absence of an operational jail in Butte County.

The writ is made final, and an order will be entered vacating the order of June 24, 1983, to the extent that it directs the hiring of two deputy sheriffs and fixes the amount of their compensation.

All the Justices concur.